[Crim. No. 13143.   Second Dist., Div. Five.   Apr. 30, 1968.]

THE PEOPLE, Plaintiff and Respondent, v. ANDREW FRANKLIN, Defendant and Appellant.

Jones, Reid & Warden and Donald Warden for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Thomas Kerrigan, Deputy Attorney General, for Plaintiff and Respondent.

STEPHENS, J.—Defendant Andrew Franklin was charged by information with violation of section 11530 of the Health and Safety Code (possession of marijuana). Charged in the same information was one Willie James Stephens. Franklin entered a plea of not guilty, waived right to trial by jury, and submitted upon the preliminary hearing transcript, subject to the production of further evidence by either side. The prosecution called one of the arresting officers to give further testimony, and the codefendant Stephens testified. Franklin did not testify. Franklin and codefendant Stephens were each found guilty of violating section 11530. As to Franklin, motion for new trial was denied, proceedings were suspended, and probation was granted for four years subject to the payment of a fine of $500 plus penalty assessment and other probationary conditions. It is from the order of probation that Franklin appeals.[1]

The facts giving rise to the instant cause arose on February 10, 1966 at 11:10 p.m. at the intersection of Washington and Arlington Boulevards in Los Angeles. At this time Stephens was driving a Buick car bearing 1965 Illinois license plates, and Franklin was a front-seat passenger. The arresting officers were on routine patrol and in a marked police vehicle. The sole thing that attracted the attention of the officers to the Buick was the fact that it was an out-of-state automobile with a 1965 license plate visible.

Officer Ostrom, one of the arresting officers, was the only witness called by the prosecution to testify relative to the events surrounding the arrest. He testified that the decision to stop the Buick and investigate was based solely upon what appeared to be a failure of vehicular registration for the year 1966. After the Buick was stopped, the occupants got out of the car and walked over to where the police were. The officers inquired about identification, and both Franklin and Stephens identified themselves. Questioning then centered upon the Buick's registration. Stephens stated he had been in California for only a short time and had not had time to register the car here, but that the Illinois registration was somewhere in the car and the officers could look if they wished to find it. Accepting the offer to look for the registration, Officer Ostrom

[1]Penal Code section 1237.1.

examined the car thoroughly, and upon a second search, with the aid of his flashlight, he discovered the contraband located under the right front seat, on the floorboard. It was this contraband and some cigarette papers subsequently found in Franklin's pocket that gave rise to the charge of possession of marijuana.

The evidence established that Officer Ostrom had been a law enforcement officer in Illinois from September 1961 to January 1964 immediately prior to joining the Los Angeles Police Department. He knew that the period for application for the 1966 registration extended to some time in February of 1966, as it does in California, though the expiration date may differ between the two states,[2] and he did not know the precise date for either California or Illinois on February 10, though he believed it was February 4 for California.

The primary question which must be answered is: Was the action by the police officers in stopping defendant's car under the circumstances here presented a violation of defendant's constitutional rights to such extent that no search thereafter conducted could be deemed legal and evidence thereby obtained made admissible? We answer the question in the affirmative. There is no contention that probable cause existed at the time the officers stopped the car, either to arrest the occupants, or to search the vehicle. (*People* v. *Gale,* 46 Cal.2d 253 [294 P.2d 13].) Nothing in the record indicates that the officers' initial purpose in stopping the vehicle was to effect an arrest or to conduct a search thereof. We are faced with the identical, and narrow, question posed in *People* v. *Cowman,* 223 Cal.App.2d 109, 111 [35 Cal.Rptr. 528]: "[W]hether the mere stopping of the vehicle under the circumstances described constituted such an unreasonable invasion of defendant's rights that all the subsequent acts and discoveries of the officers must be condemned and rejected as the 'fruits of the poisonous tree.'"

Just what fact, observation, or circumstance caused the officers in the instant case to stop the vehicle must be examined to determine the reasonableness of the stop. The evidence discloses that the *sole* thing that attracted the attention of the officers was the fact that the car was an out-of-state vehicle with a 1965 license plate visible. On the *speculation* that the registration had expired, the car was stopped in order to ascer-

---

[2]An exhibit was introduced establishing that the application deadline in Illinois was in fact February 15, 1966.

tain that fact. As the evidence established, the true expiration date of the particular registration in question was five days after the date involved in the instant stopping. From this, then, it becomes clear that the only reason for the stopping of defendant's car was the officers' suspicion that defendant "has committed a public offense in his presence."[3]

The record before us discloses, by reporter's transcript, that the trial judge and counsel argued the question of a right to stop the vehicle to check the validity of the car registration without any other "suspicious circumstance," i.e., leading to a belief of car theft or unsafe mechanical condition, or similar belief. The Vehicle Code is specific on the subject. Section 2804 of the Vehicle Code states: "A member of the California Highway Patrol upon reasonable belief that any vehicle is being operated in violation of any provisions of this code or is in such unsafe condition as to endanger any person, may require the driver of the vehicle to stop and submit to an inspection of the vehicle, and its equipment, *license plates*, and *registration card*." (Italics added.) Section 2805 states: "A member of the *California Highway Patrol* may inspect any vehicle of a type required to be registered under this code on a highway or in any public garage, repair shop, parking lot, used car lot, or other similar establishment, for the purpose of locating stolen vehicles or *investigating the title and registration thereof*." (Italics added.) Section 2806 states: "Any regularly employed and salaried police officer or deputy sheriff having reasonable cause to believe that any vehicle or combination of vehicles is not equipped as required by this code or is in such unsafe condition as to endanger any person, may require the driver to stop and submit the vehicle or combination of vehicles to an inspection and such tests as may be appropriate to determine the safety to persons and compliance with the code."[4]

---

[3]Penal Code section 836: "A peace officer may make an arrest in obedience to a warrant, or may without a warrant, arrest a person: 1. Whenever he has reasonable cause to believe that the person to be arrested has committed a public offense in his presence. 2. When a person arrested has committed a felony, although not in his presence. 3. Whenever he has reasonable cause to believe that the person to be arrested has committed a felony, whether or not a felony has in fact been committed. (As amended Stats. 1957, ch. 2147, § 2, p. 3805.)"

[4]In the case of *People* v. *Anushevitz*, 183 Cal.App.2d 752 [6 Cal.Rptr. 785], the legality of the California Highway Patrol, upon information that a particular vehicle contained no registration, to stop and investigate was upheld. The court, unfortunately, did not refer to section 2805 of the Vehicle Code, but rather found the facts reasonably susceptible to the conclusion that the vehicle may have been stolen. (See *People* v. *Simons*, 208 Cal.App.2d 83, 86 [25 Cal.Rptr. 57].)

■ The state Legislature, by the enactment of these cited Vehicle Code sections, specified the powers and duties of regularly employed police officers and deputy sheriffs so far as their right to stop and inspect a vehicle is concerned. Such right does not include stopping a vehicle solely to *investigate* proper registration.[5]

■ As noted, following the stopping, Stephens consented to the search of the vehicle to locate the registration certificate. This consent, following the illegal stopping, cannot validate the search or the product of the search.

In *People* v. *Haven,* 59 Cal.2d 713 at pp. 718, 719 [31 Cal. Rptr. 47, 381 P.2d 927], the court laid to rest the suggestion that a search or seizure made pursuant to consent is valid even though the consent was given immediately after an unlawful entry or arrest. After citing numerous cases reaching that result, the court in *Haven* stated: "A search or seizure made pursuant to a valid consent before any illegal police conduct occurs is obviously not a product of illegal conduct. A search and seizure made pursuant to consent secured immediately following an illegal entry or arrest, however, is inextricably bound up with the illegal conduct and cannot be segregated therefrom. Accordingly, language in the cited cases to the contrary is disapproved."

As the case is before us, there appears no distinction in principle between it and *Wirin* v. *Horrall,* 85 Cal.App.2d 497 [193 P.2d 470] and *People* v. *Gale, supra,* 46 Cal.2d 253. This district has recently upheld the constitutionality of Vehicle Code section 2814 giving the right to the California Highway Patrol to conduct tests and inspections of vehicles. (*People* v. *De La Torre,* 257 Cal.App.2d 162 [64 Cal.Rptr. 804].) The stopping of the Illinois car was an indiscriminate stopping of an out of state vehicle to permit the officers to conduct a "fishing expedition." The stop having been illegal, the search, though by consent of the vehicle owner, does not breathe legality into the resultant find by the officers.

The judgment is reversed.

Kaus, P. J., and Aiso, J. pro tem.,* concurred.

. A petition for a rehearing was denied May 14, 1965.

---

[5]The right of a police officer or deputy sheriff, as distinguished from a California Highway Patrol officer, to stop a vehicle and investigate where the license exhibited discloses what is in fact the misdemeanor of failure to display a valid license in accordance with sections 4611, 4851 and 4853 of the Vehicle Code is not in issue in the instant case.

*Assigned by the Chairman of the Judicial Council.