[Crim. No. 651. Fifth Dist. Sept. 12, 1969.]

THE PEOPLE, Plaintiff and Respondent, v. RUBEN GUADALUPE SOTO, Defendant and Appellant.

James Smith, Feierbach, Dowell & Thurlow and George L. Thurlow for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Roger E. Venturi and Thomas W. Kelly, Deputy Attorneys General, for Plaintiff and Respondent.

GARGANO, J.—Appellant, Ruben G. Soto, was charged with and convicted of a felonious battery against a peace officer in violation of section 243 of the Penal Code. This section reads in pertinent part as follows: "A battery is punishable by fine not exceeding one thousand dollars ($1,000),

or by imprisonment in the county jail not exceeding six months, or by both. When it is committed against the person of a peace officer . . . and the person committing the offense knows or reasonably should know that such victim is a peace officer . . . engaged in the performance of his duties, and such peace officer . . . is engaged in the performance of his duties, the offense shall be punished by imprisonment in the county jail not exceeding one year or by imprisonment in the state prison for not less than one nor more than 10 years.''

The battery was allegedly committed on Officer Buddy Hale of the Visalia Police Department on the evening of June 6, 1968, at a wedding reception and dance which was being held at The American Association of University Women's Club in Visalia. However, appellant's version as to what occurred differs sharply from respondent's version. Thus, appellant's main contention for reversal of the judgment entered on the jury's verdict is that the jury was inadequately instructed on the law of the case and could not properly evaluate the conflict in the evidence.

On the cne hand, according to respondent's evidence, the following transpired: Private security officers Harlan Prine and Robert Morgan stopped several fights which erupted during the course of the dance and ordered the participants outside. However, the fights continued on the outside so Prine called the Visalia Police Department for assistance. Officers Buddy Hale and James Harbottle responded to the call. The officers were on duty and were attired in their regular police uniforms. Prine told Officer Hale that a Mexican youth wearing a white ''T'' shirt and a pair of Frisco jeans was causing trouble and had returned to the dance just before the officers arrived. He said that the youth should be arrested. Upon entering the dance hall Officer Hale spotted Filomeno Carrasco, a Mexican youth who fitted the description given by Prine; the youth had his fists doubled up and was arguing loudly with another person. The officer went up to Carrasco, placed his hand on his shoulder and asked him to step outside as he wanted to talk to him. In answer, Carrasco knocked Hale's arm away and told him to ''go to Hell.'' The officer again placed his hand on Carrasco's shoulder, but before he could inform the trouble maker that he was under arrest, Carrasco struck Hale several times with his fists. Hale then grabbed Carrasco by the shoulder and neck, and with Officer Harbottle's assistance started to escort him toward the front door. As the officers were forceably removing Carrasco from

the hall, appellant grabbed Hale by the right arm and told the officer, "You are not going to take him out of here." Hale knew appellant and replied, "Soto, don't interfere." However, as the officers again started toward the door appellant ripped Hale's arm from Carrasco and struck the officer in the chest with his right arm, knocking him off balance. This maneuver enabled Carrasco to break away and head toward the door. The two officers attempted to catch Carrasco, but a group of people interfered, pushing and forcing Hale to the floor. The officer lost his night stick in the process. Afterwards, Hale confronted appellant outside the hall and asked him if he had the night stick. Appellant replied that if he had it it he would use it to kill Hale. At the time appellant was in the company of approximately 50 Mexican males. Sometime later Officer John Sanders of the Visalia Police Department arrived at the scene with reinforcements. Hale told Sanders that he had been attacked by appellant. Sanders then ordered the crowd to disperse and told appellant he was under arrest. However, appellant fled.

On the other hand, appellant's version of these events varies in several substantial respects. Appellant testified that he was standing near Filomeno Carrasco when Officer Hale entered the dance hall. He indicated that although Carrasco was arguing, he was not causing any disturbance but that the officer nevertheless walked up and began to manhandle him without provocation or prior warning. Appellant informed Hale that what he was doing was against the law, but the officer told appellant to "shut up" and that he was going to arrest appellant also. Appellant testified that Officer Hale then advanced toward him in a threatening manner, so he placed his hand on the officer's chest out of fear that Hale would strike him on the head with his night stick. Appellant claimed that he had a steel plate in his skull and feared that a blow on the head might kill him. Appellant admitted that the officers were attacked by at least 15 persons but denied that he had any part in the attack. He explained that after the officer had dropped his night stick he (appellant) picked it up, ran outside with it and threw it away in order to prevent Hale from using it. When he returned to the hall Hale informed him that he was under arrest. Appellant said he accompanied Hale outside of the hall, and when he asked why he was arrested the officer told him to "get the Hell out of here."[1]

---

[1]Defendant's version of his conversation with Officer Hale concerning his arrest was corroborated by Mrs. Patricia De Los Santos. Mrs. De Los

■ It is of course clear that to constitute the felonious conduct proscribed by Penal Code section 243 the assault must be on a peace officer who is *actually* engaged in the performance of his duties. However, a peace officer is under no duty to make an unlawful arrest. Thus, an assault on a peace officer by a person who is resisting an unlawful arrest is not a felony under the section. But, even so, the person is guilty of a misdemeanor. ■ In short, Penal Code section 834a prohibits forceable resistance to unlawful, as well as lawful, arrests. And, although a person who commits an assault on a peace officer while resisting an unlawful arrest is not guilty of a felony, he is nevertheless guilty of a misdemeanor (*People* v. *Curtis,* 70 Cal.2d 347 [74 Cal.Rptr. 713, 450 P.2d 33]). ■ Moreover, it is a public offense for a peace officer to use unreasonable and excessive force in effecting an arrest (*Boyes* v. *Evans,* 14 Cal.App.2d 472 [58 P.2d 922]). Therefore, a person who uses reasonable force to protect himself or others against the use of unreasonable excessive force in making an arrest is not guilty of any crime (Pen. Code, §§ 692, 694). ■ . As the California Supreme Court succinctly summarized in *Curtis*: ". . . construing sections 834a and 243, it is now the law of California that a person may not use force to resist any arrest, lawful or unlawful, except that he may use reasonable force to defend life and limb against excessive force; but if it should be determined that resistance was not thus justified, the felony provisions of section 243 apply when the arrest is lawful, and if the arrest is determined to be unlawful the defendant may be convicted only of a misdemeanor." (70 Cal.2d at p. 357.)

■ Applying these principles to the case at bench, we are impelled to agree with appellant's contention that the trial judge did not adequately instruct the jury on the law of the case and that his failure to do so was prejudicial to appellant. We also conclude that we must reverse the judgment even though the essential instructions that the judge failed to give were not requested by appellant's trial counsel. ■ It is settled that in criminal cases the court must, *sua sponte,* give instructions on the basic principles of law which are essential for a proper disposition of the case (*People* v. *Wilson,* 66 Cal.2d 749 [59 Cal.Rptr. 156, 427 P.2d 820] ; *People* v. *Jackson,* 59 Cal.2d 375 [29 Cal.Rptr. 505, 379 P.2d 937]).

Santos testified that she overheard Officer Hale tell appellant that he was under arrest, and that when appellant inquired as to what he had been arrested for, Officer Hale replied, "Oh, just get out of here."

Our reasons for concluding that the court's instructions were inadequate and that reversal is mandatory are these: first, the court correctly told the jury that to find appellant guilty of a felonious assault under section 243, they had to find that Officer Hale was actually engaged in the performance of his duties when he was assaulted by appellant. However, the court gave the jury no definitive instruction or other guideline to follow in order to resolve this crucial question. Yet, albeit there was ample evidence for the jury to find that Filomino Carrasco struck the first blow and that Officer Hale was making a lawful arrest when he was attacked by appellant, there was also evidence which, if believed by the jury, would have supported a finding that Hale was assaulted after he first attempted to make an unlawful arrest on Carrasco and while he was actually attempting to make an unlawful arrest on appellant. According to appellant's testimony, Carrasco was not creating a disturbance when Officer Hale entered the dance hall and grabbed him. Thus, although the officer had good cause to question Carrasco about the fight in which he was allegedly involved earlier in the evening and to detain him if necessary until the investigation was completed, Hale was not justified in grabbing Carrasco by the shoulder, without warning, for the purpose of placing him under arrest.[2] Moreover, appellant testified that when he told Hale that what he was doing was against the law, the officer told appellant to "shut up" and then attempted to arrest appellant as well. Manifestly, in view of this conflict in the evidence, the court's instruction to the jury that the People had to prove that Hale was actually performing his duties when he was assaulted by appellant was not sufficiently definitive to enable the jury to resolve the conflict and to determine whether Hale was in fact performing his duties.

It has been suggested that the question as to whether an arrest is lawful is one of law for the trial judge (not the jury) to decide. However, as we have seen, to constitute a felonious assault on a peace officer under section 243, the assault must be committed while the officer is *actually* engaged in the performance of his duties. Thus, whether the peace officer was actually engaged in the performance of his

---

[2]Officer Hale did not have probable cause to believe that Carrasco had committed a felony. Carrasco had been accused of fighting and disturbing the peace by the private security officer, at the very most misdemeanors. And, since these alleged misdemeanors were not committed in Hale's presence nor in the presence of another peace officer, Officer Hale had no probable cause for making an arrest (Pen. Code, § 836).

duties is not an evidentiary question or a question of law to be resolved by the trial judge. Rather, it is a question of fact and an essential part of the corpus delicti itself. In other words, where as here, there is a conflict in the evidence as to whether a peace officer was making an unlawful or lawful arrest when assaulted by a person accused of a felony under section 243, the conflict must be resolved by the jury under appropriate instructions from the trial court in order to preserve the accused's constitutional right to a jury trial on each essential element of the crime charged.[3]

 Second, appellant's testimony, if believed by the jury, would have supported a finding that Officer Hale was using unreasonable and excessive force on Carrasco when appellant told the officer that what he was doing was against the law. However, the trial judge gave no instruction on the law regarding the use of excessive force by a peace officer in effecting an arrest, nor did he instruct the jury on a defendant's right to reasonably defend himself and others against the use of excessive force. Then to further aggravate his failure to give these necessary instructions, the judge told the jury that "the least touching" may constitute a battery.[4] Clearly, this instruction, without an instruction on the right of self-defense, completely nullified appellant's testimony that he

---

[3]The situation presented in this case is distinguishable from a situation in which the trial judge is required to decide whether a search was made in connection with a lawful arrest. As to the latter situation, a trial judge, not the jury, must decide whether the officer had probable cause to make an arrest without a warrant, because the court's inquiry relates to his own duty to rule on the admissibility of evidence. We therefore conclude that the situation presented in this case is similar to that presented in *People* v. *Spinosa*, 115 Cal.App.2d 659 [252 P.2d 409]. In that case the People introduced evidence to prove that the defendant resisted arrest and that his resistance was an admission of guilt. The case arose prior to the enactment of Penal Code section 834a when it was lawful for a person to use reasonable force to resist an unlawful arrest. Thus, in order to counter the prosecutor's theory that resistance to the arrest was equivalent to flight and an admission of guilt, defendant requested an instruction which would have told the jury that he was entitled to resist an unlawful arrest. He also requested an instruction outlining the circumstances under which a lawful arrest may be made. Both instructions were refused. In reversing the judgment of conviction, the appellate court held that whether the arrest was lawful or unlawful was a question for the jury to resolve and that the defendant's proffered instructions were erroneously refused because there was evidence which would have supported his assertion that he was resisting unlawful arrest.

[4]The court gave the following instruction: " 'The least touching' may constitute a battery. The term 'force' or 'violence' used in the definition of a battery, includes any wrongful act committed by means of physical force against the person of another. The force need not be violent or sever [*sic*], it need not cause bodily harm or even pain, and it need not leave a mark." (CALJIC No. 602.)

placed his hand on Officer Hale's chest to ward him off because he was afraid the officer was going to hit him on the head with his night stick.

Third, Officer Hale admitted that after Carrasco hit him in the stomach, he secured a ''choke hold'' on Carrasco and began dragging him out of the dance hall. Then, appellant's trial counsel attempted to delve further into the force used by the officer on Carrasco after he applied the ''choke hold.'' However, the trial judge interrupted, stating that he failed to see any materiality between the officer's conduct toward Carrasco and the offense for which appellant was on trial. Counsel explained that he was attempting to establish that Officer Hale was not engaged in the performance of his duties and that he used more force than was reasonably necessary. The judge replied that what occurred between the officer and Carrasco ''had nothing to do with the conduct of this defendant with regard to this police officer.'' Thus, the judge misstated the law in the presence of the jury, and his remarks, when viewed in light of his failure to instruct the jury on the use of excessive force in effecting an arrest and the right of a person to defend himself and others against the use of such force, were highly prejudicial.

In view of the possibility of a retrial, we shall briefly discuss appellant's contention that the superior court did not have jurisdiction to try him because the information did not allege a felonious assault on a peace officer; it omitted to allege that the officer was ''engaged in the performance of his duties.''

Significantly, the information alleges that appellant ''. . . did wilfully, unlawfully and feloniously use force on the person of a peace officer . . . Buddy Hale, knowing . . . that he was a peace officer engaged in the performance of his duty.'' These allegations impliedly allege that the officer was in fact engaged in the performance of his duties when assaulted by appellant, and hence gave appellant ample notice of the crime for which he is charged. Thus, since the real function of an information is to give a defendant notice of the crime for which he is charged in order to enable him to prepare a defense, the challenged information is sufficient to withstand a general demurrer. Moreover, the technical defect, if raised by special demurrer, can be cured by an appropriate amendment.

The judgment is reversed.

Stone, P. J., concurred.