[Crim. No. 829. Fifth Dist. Mar. 25, 1971.]

THE PEOPLE, Plaintiff and Respondent, v.
ROBERT JOHN CUEVAS, Defendant and Appellant.

## COUNSEL

Vernon Johnson, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch and Evelle J. Younger, Attorneys General, Charles P. Just, Arnold O. Overoye and Robert D. Marshall, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**BROWN (G. A.), J.**—By information, appellant Robert John Cuevas and one Gary Erwin Webb were jointly charged in count I with possession of a restricted dangerous drug, to wit, amphetamine (Health & Saf. Code, § 11910); in count II with possession of a restricted dangerous drug for sale, to wit, amphetamine (Health & Saf. Code, § 11911); in count III with transporting a restricted dangerous drug, to wit, amphetamine (Health & Saf. Code, § 11912); in count IV with possession of a narcotic other than marijuana, to wit, morphine (Health & Saf. Code, § 11500); in count V with possession of paraphernalia for injecting a narcotic (Health & Saf. Code, § 11555); in count VI with battery on a police officer (Pen. Code, §§ 242, 243); in count VII with possession for sale of a narcotic other than marijuana, to wit, morphine (Health & Saf. Code, § 11500.5).

The appellant Cuevas was tried separately before a jury upon his plea of not guilty to each of the counts, and was convicted by the jury of counts I, II, III and VI. Counts IV, V and VII were dismissed by the People during the second day of trial.

The court denied probation and sentenced appellant to the state penitentiary on counts II and VI, the two sentences to run consecutively. Counts I and III were merged in the judgment passed on count II and sentence was stayed pending completion of the sentence passed in counts II and VI.

Appellant takes the position that he cannot be legally convicted of all three drug counts, and that the jury should have been so instructed. He further claims error regarding the order of proof, and, with respect to the charge of battery upon a police officer, he asserts that the court should have instructed upon and submitted to the jury the issue as to whether or not the defendant knew, or reasonably should have known, that the officer was effecting a legal or illegal arrest, was or was not using excessive force, or was or was not otherwise engaged in the performance of his duties as a police officer.

We have concluded that the judgment must be reversed as to counts I and VI.

Appellant was seated in the right front passenger seat of a vehicle being driven by Webb when it was stopped by California Highway Patrol Officer Melvin Lett, because the rear license plate was obscured by dirt and the brake lights were defective. Officer Lett asked for and was granted permission by Webb to enter the vehicle for the purpose of testing the brake pedal. At that time, Officer Lett noticed a six-pack of beer on the right rear floorboard from which one can was missing. He touched the beer and it was cold. After checking the brakes, the officer went around the front of the vehicle to the right front door, and, as he was standing outside, he observed appellant move the can of beer, which had been removed from the six-pack and opened, on the floorboard from appellant's right side to his left. At the same time, appellant moved a white napkin, which was compacted into a wad a little larger than a golf ball, from his right hand to his left hand in the direction away from the position of the officer. According to the officer, he put his head and upper part of his body and hand and arm through the open window on the right front side, and attempted to reach for the napkin, and, at the same time, he asked appellant what he had. At this moment, according to the officer, appellant struck him on the face, got a hammer lock around his neck and body and handed or threw the napkin to Webb and said, "Run. Run, Gary, run." Officer Lett ordered Webb to stop, which he did. The napkin contained 100 amphetamine pills.

A struggle ensued between appellant and the officer, after which the officer placed both Webb and the appellant under arrest.

There was found upon the person of appellant a matchbox cover upon which was written the price list for drugs and four pages of names, telephone numbers, and several addresses. Some of the persons listed had been involved in narcotic offenses.

The appellant testified, in substance, that Webb gave no authorization to Officer Lett to enter the car; that he had no knowledge of the napkin nor the nature of its contents except that he was asked by Webb, while the officer was moving from the left side to the right side of the car, to reach under the seat and get the napkin and hand it to him, which he did; that he did not hit the officer; that he got the matchbox from a "hippie" in San Francisco over a year before that time. He testified that the persons appearing on the four-page list of names and addresses were his friends and acquaintances.

■ Appellant contends that he may not be convicted of all three dangerous drug counts, that is, count I (possession), count II (possession for

sale), count III (transporting), when the possession proved was incidental to and a necessary part of the possession for sale and transportation. The People concede the correctness of this position with respect to count I (possession), and, accordingly, the judgment as to count I must be reversed. (*People* v. *Grant,* 1 Cal.App.3d 563, 571 [81 Cal.Rptr. 812].)

■ However, possession for sale and transportation are independent crimes and a person may be legally convicted of both, although the possession in each charge arises out of the same act. This conclusion follows from the fact that the possession of a dangerous drug for sale (Health & Saf. Code, § 11911) has the additional element, not found in transporting (Health & Saf. Code, § 11912), that the possessor must have the purpose of selling the dangerous drug. (*People* v. *Allen,* 254 Cal.App.2d 597 [62 Cal.Rptr. 235].) Therefore, as the one offense can be committed without committing the other, neither offense is a necessarily included offense within the other. (*People* v. *Grant, supra,* 1 Cal.App.3d 563; *People* v. *Kilborn,* 7 Cal.App.3d 998, 1003 [87 Cal.Rptr. 189]; *People* v. *Asher,* 273 Cal. App.2d 876 [78 Cal.Rptr. 885].)[1]

Appellant argues that the jury should have been instructed that appellant could only have been found guilty of one of the three drug counts charged. In light of our holding above, this argument is without merit.

■ The People dismissed the counts dealing with morphine and narcotic paraphernalia (counts IV, V and VII) during the second day of trial, before it was determined that these charges pertained only to Webb and after considerable evidence going directly to these charges only had been introduced by the People and heard by the jury. Appellant contends that this was prejudicial error.

The order of proof rests largely within the sound discretion of the court, and the exercise thereof will not be disturbed on appeal in the absence of palpable abuse. (Evid. Code, § 320; Pen. Code, §§ 1093 and 1094; *People* v. *Warner,* 270 Cal.App.2d 900, 906 [76 Cal.Rptr. 160]; *People* v. *Henley,* 269 Cal.App.2d 263, 268 [74 Cal.Rptr. 611].)

At the time the counts were dismissed the judge struck all of the testimony pertaining thereto and expressly admonished the jury to disregard the same. Further, at the conclusion of the trial, the court instructed the jury that "You must not consider for any purpose any offer of evidence that was rejected, nor any evidence that was stricken out by the court; such matter is to be treated as though you had never heard it."

---

[1]In passing, it is to be noted that this case does not present an issue of double punishment under Penal Code section 654, in that appellant was only sentenced on the possession for sale count (count II).

It must be presumed that the jury followed the admonition and the instruction. No abuse of discretion has been shown.

We now turn to a consideration of the charge of battery upon the officer (count VI). ▮ This court correctly stated the applicable principle of law in *People* v. *Soto,* 276 Cal.App.2d 81, at page 85 [80 Cal. Rptr. 627] (per Gargano, J.): "It is of course clear that to constitute the felonious conduct proscribed by Penal Code section 243 the assault must be on a peace officer who is *actually* engaged in the performance of his duties. However, a peace officer is under no duty to make an unlawful arrest. Thus, an assault on a peace officer by a person who is resisting an unlawful arrest is not a felony under the section. But, even so, the person is guilty of a misdemeanor. In short, Penal Code section 834a prohibits forcible resistance to unlawful, as well as lawful, arrests. And, although a person who commits an assault on a peace officer while resisting an unlawful arrest is not guilty of a felony, he is nevertheless guilty of a misdemeanor (*People* v. *Curtis,* 70 Cal.2d 347 . . .). ▮ Moreover, it is a public offense for a peace officer to use unreasonable and excessive force in effecting an arrest (*Boyes* v. *Evans,* 14 Cal.App.2d 472 . . .). Therefore, a person who uses reasonable force to protect himself or others against the use of unreasonable excessive force in making an arrest is not guilty of any crime (Pen. Code, §§ 692, 694). As the California Supreme Court succinctly summarized in *Curtis*: '. . . construing sections 834a and 243, it is now the law of California that a person may not use force to resist any arrest, lawful or unlawful, except that he may use reasonable force to defend life and limb against excessive force; but if it should be determined that resistance was not thus justified, the felony provisions of section 243 apply when the arrest is lawful, and if the arrest is determined to be unlawful the defendant may be convicted only of a misdemeanor.' (70 Cal. 2d at p. 357.)

▮ ". . . It is settled that in criminal cases the court must, *sua sponte,* give instructions on the basic principles of law which are essential for a proper disposition of the case (*People* v. *Wilson,* 66 Cal.2d 749 . . . ; *People* v. *Jackson,* 59 Cal.2d 375 . . .)." (See also *People* v. *Jones,* 8 Cal. App.3d 710, 716 [87 Cal.Rptr. 625].)

In the recent Supreme Court case of *People* v. *Hood,* 1 Cal.3d 444 [82 Cal.Rptr. 618, 462 P.2d 370], the court held it was prejudicial error for the trial court not to have given an instruction, *sua sponte,* that the offense of assault with a deadly weapon upon a police officer includes the lesser offense of assault with a deadly weapon, and for failure to have instructed that the jury could convict the defendant for no more than assault with a deadly weapon if it found that the officer was not engaged in

the performance of his duties or that the defendant neither knew nor reasonably should have known that he was so engaged. In that case, the officer had not actually placed the defendant under arrest. The defendant testified that he thought the officer was drawing his gun and was going to shoot him, when the defendant assaulted the officer. Angry words had passed between the officer and the defendant but there was little if anything in the evidence to support the necessity of the officer using such force as would require the drawing of his weapon. The court held, among other things, that this testimony from the defendant was sufficient to raise a factual issue as to whether the officer had become angered and ceased to be engaged in the performance of his duties or exceeded the same, or whether the defendant reasonably so believed, and that these issues should have been submitted to the jury under appropriate instructions.

■ In the case at bench, there is substantial conflict in the record regarding the struggle between Officer Lett and the defendant with respect to who was the aggressor, and as to precisely what happened. The appellant testified that as he was handing the napkin to Webb, with his head turned in that direction, the door opened and the officer suddenly grabbed him by the right arm and began searching him along the seat and in appellant's crotch area, which caused him to raise up out of the seat; the officer put a half nelson on appellant, twisted and hurt his arm, and pulled him out of the car; he pushed appellant up against the car and handcuffed him; the officer continued to shove and pull his arm even after he was handcuffed. Appellant denies striking the officer, grabbing the officer, or otherwise resisting him.

We do not believe, as the People contend, that any valid distinction can be made based upon the occurrence of the battery before or after a technical arrest had taken place, nor upon the criteria of whether the officer had probable cause for making the arrest. Penal Code section 243 is not so restricted. It states in part: ". . . and the person committing the offense knows or reasonably should know that such victim is a peace officer . . . engaged in the performance of his duties, and such peace officer . . . is engaged in the performance of his duties. . . ."

In *People* v. *Curtis,* 70 Cal.2d 347 [74 Cal.Rptr. 713, 450 P.2d 33] (cited in the *Soto* opinion, *supra,* at p. 85), no arrest had taken place. In *People* v. *Jones, supra,* 8 Cal.App.3d 710, the same principle was applied where the defendant was not arrested but only detained. No persuasive reason appears why the principle of *Curtis* and *Soto* should not apply when there is a factual issue as to whether or not the officer is engaged in the performance of his duties, whatever those duties may be, so long as they

bear some reasonable relationship to the assaultive conduct of the defendant.

Consonant with the above authorities, we hold that the testimony of the appellant creates a factual question as to whether the officer was within the scope of his duties as an officer and whether he was acting legally or illegally. Those issues and the defendant's reasonable belief with respect thereto should have been submitted to the jury together with an appropriate instruction on the lesser included offense of simple battery, a misdemeanor.

The judgment is reversed as to counts I and VI, and is affirmed as to counts II and III.

Stone, P. J., and Gargano, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied May 19, 1971.