Filed 10/8/13  In re J.G. CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| In re J.G., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>J.G.,<br><br>　　　Defendant and Appellant. | A137262<br><br>(Solano County<br>Super. Ct. No. J38856) |

　　　J.G. (minor) was found to have committed battery on a person with whom he had a dating relationship largely on the testimony of a witness who saw him beating a woman.  The only evidence of a personal relationship between minor and the victim was minor's own statement to police that the woman was his "girlfriend."  Minor contends the doctrine of corpus delicti required the prosecution to introduce evidence of the nature of the relationship independent of his statement.  Finding no such requirement, we affirm.

## I.  BACKGROUND

　　　In a petition filed pursuant to Welfare and Institutions Code section 602, subdivision (a) on October 23, 2012, minor was alleged to have committed misdemeanor battery on a person with whom he had a previous dating relationship (Pen. Code, § 243, subd. (e)(1)).

　　　Only two witnesses testified at trial.  The first, a bystander, said he was driving in Fairfield when he spotted minor sitting on top of a female, hitting her with both hands.  In

one hand minor held a cell phone, while the other was a closed fist.  The witness estimated minor took from four to six swings at the victim, who was struggling to get out from beneath him.  When the witness stopped his car and approached them, minor ran off.  The "frantic" victim was crying and shaking, had bleeding wounds, and complained of headaches.  The witness called the police.

The second witness, a police officer, testified she located minor after having been alerted to the assault.  After minor had been detained, he said to the police, "Why are you guys stopping me?  We were just in a fight.  My girlfriend and I were just arguing."

Minor's counsel argued that because the victim had not testified, there was no evidence the contact between them was nonconsensual.  He also contended there was "insufficient evidence to prove beyond a reasonable doubt the nature of the relationship."

The juvenile court found the allegations true.  Minor was continued as a ward of the court and placed in the New Foundations program.

## II.  DISCUSSION

Minor contends the jurisdictional allegations are unsupported by the evidence because there was no independent evidence of the nature of his relationship with the victim, as required by the doctrine of corpus delicti.

"In every criminal trial, the prosecution must prove the corpus delicti, or the body of the crime itself—i.e., the fact of injury, loss, or harm, and the existence of a criminal agency as its cause.  In California, . . . the prosecution cannot satisfy this burden by relying *exclusively* upon the extrajudicial statements, confessions, or admissions of the defendant." (*People v. Alvarez* (2002) 27 Cal.4th 1161, 1168–1169 (*Alvarez*).)[1]  The purpose of the requirement of evidence independent of the defendant's statements is "to assure that 'the accused is not admitting to a crime that never occurred.' " (*People v. Jones* (1998) 17 Cal.4th 279, 301 (*Jones*).)  " ' "The independent proof may be by circumstantial evidence [citation], and it need not be beyond a reasonable doubt.  A slight

---

[1] Proof of criminal agency requires evidence from which it might be concluded that the injury or harm resulted from the intentional act of a human being. (*People v. Culton* (1992) 11 Cal.App.4th 363, 367.)

or prima facie showing, permitting the reasonable inference that a crime was committed, is sufficient." ' " (*People v. Gutierrez* (2002) 28 Cal.4th 1083, 1127–1128 (*Gutierrez*).)

The "corpus" of a crime is not synonymous with the "elements" of the crime. (*People v. Hawkins* (2004) 124 Cal.App.4th 675, 680.) The prosecution, for example, need not prove the identity of the perpetrator by independent evidence, nor is independent evidence required to demonstrate the degree of a homicide. (*Ibid.*) "There is no requirement of independent evidence 'of every physical act constituting an element of an offense,' so long as there is some slight or prima facie showing of injury, loss, or harm by a criminal agency. [Citation.] In every case, once the necessary quantum of independent evidence is present, the defendant's extrajudicial statements may then be considered for their full value to strengthen the case on all issues." (*Alvarez, supra,* 27 Cal.4th at p. 1171.)

A clear illustration of the distinction between the corpus of a crime and its elements is found in *Jones, supra*, 17 Cal.4th 279. The victim in that decision was shot in the head and left to die by a roadside. Her underclothing had been removed, and residual semen was found on her genitals and anus. (*Id.* at p. 291.) Although there was no physical evidence that the victim had engaged in oral sexual acts, the defendant was convicted of aiding and abetting forced oral copulation because he had admitted the crime to police. On appeal, the defendant argued for a reversal of this conviction under the doctrine of corpus delicti. In affirming the trial court's decision to overturn a magistrate's dismissal of the charge, the court held: "[Penal Code] Section 288a, subdivision (a), defines this crime as 'the act of copulating the mouth of one person with the sexual organ or anus of another person.' [¶] Keeping in mind the low threshold of proof required to satisfy the corpus delicti rule, we conclude that the magistrate erred in finding this low threshold was not met by the evidence presented at the preliminary examination. The state of the victim's clothing (no underwear or shoes) and the forensic evidence . . . indicates multiple sexual acts occurred. That the victim was forcibly abducted, beaten, shot in the head, and left by the side of the road for dead gives rise to an inference that the sexual activity that occurred was against the victim's will. This

3

circumstantial evidence of multiple forcible sexual acts sufficiently establishes the requisite prima facie showing of both (i) an injury, loss or harm, and (ii) the involvement of a criminal agency. [¶] . . . [¶] . . . [W]e have never interpreted the corpus delicti rule so strictly that independent evidence of every physical act constituting an element of an offense is necessary. Instead, there need only be independent evidence establishing a slight or prima facie showing of some injury, loss or harm, and that a criminal agency was involved." (*Id.* at pp. 302, 303.) In short, the court affirmed the conviction despite the lack of any independent evidence of the primary element of the crime, sexual contact with the victim's mouth. Other cases have similarly held the corpus delicti doctrine does not require independent evidence of penetration for a conviction of rape (*People v. Jennings* (1991) 53 Cal.3d 334, 368–369) or knowledge and intent for a conviction of aiding and abetting (*Gutierrez, supra*, 28 Cal.4th at p. 1128).

The bystander's testimony left little doubt minor had committed a crime. He said minor struck the victim repeatedly as she struggled to escape and appeared to have inflicted wounds. When the witness approached, minor ran away, suggesting awareness of the wrongfulness of his conduct. This testimony constituted more than adequate independent evidence of "both (i) an injury, loss or harm, and (ii) the involvement of a criminal agency." (*Jones, supra,* 17 Cal.4th at p. 302.) The prosecution having provided independent evidence of the corpus of a crime, "the [minor's] extrajudicial statements [could] then be considered for their full value to strengthen the case on all issues." (*Alvarez, supra,* 27 Cal.4th at p. 1171.)

In considering the requirements of corpus delicti, it is noteworthy that minor's statement to police did not constitute the admission of a crime. He merely told the police the victim was his girlfriend. As a result, there was no risk minor would be convicted, solely on the basis of his statement, of a crime that never occurred. Rather, minor's relationship with the victim was criminally material only because it affected the potential

4

penalty.[2]  It was in the nature of a sentencing enhancement, which need not be supported by independent evidence.  (*People v. Shoemake* (1993) 16 Cal.App.4th 243, 252, 256.)  In effect, the fact of a dating relationship "does no more than aggravate the penalty for the underlying offense" and therefore required no independent evidence.  (*People v. Miranda* (2008) 161 Cal.App.4th 98, 102.)

Minor relies largely on cases discussing the concept of corpus delicti in deciding which factual issues must be submitted to the jury.  (E.g., *People v. Henderson* (1976) 58 Cal.App.3d 349, 358–359; *People v. Jones* (1970) 8 Cal.App.3d 710, 716.)  Because the cases were decided prior to virtually all the decisions cited above and employ the concept of corpus delicti in a different context, we find them unhelpful in determining which issues must be proven by independent evidence.

Even if minor's contention had substantive merit, we would find it forfeited.  As minor acknowledges, his counsel did not object on grounds of corpus delicti in the juvenile court.  We are persuaded by the reasoning of *People v. Martinez* (1994) 26 Cal.App.4th 1098 (*Martinez*) and *People v. Sally* (1993) 12 Cal.App.4th 1621, 1628 (*Sally*) that an objection was required to preserve the issue for appeal because " '[i]t may well be that "proof of the corpus delicti was available and at hand during the trial, but in the absence of [a] specific objection calling for such proof it was omitted." ' " (*Martinez,* at pp. 1104–1105.)

Minor contends the Supreme Court rejected *Martinez* and *Sally* in footnote 8 of *Alvarez, supra*, 27 Cal.4th at page 1172.  On the contrary, the *Alvarez* footnote stated only that the Supreme Court had never addressed the particular forfeiture issue raised here.[3]  Further, although the *Alvarez* footnote claimed that subsequent Court of Appeal

_____

[2] Under Penal Code section 243, subdivision (a), the penalty for battery is a fine and six months in jail.  When the battery is committed against a person with whom the defendant has a dating relationship, however, the jail term is increased to a year.  (*Id., subd.* (e)(1).)

[3] In *People v. Wright* (1990) 52 Cal.3d 367, disapproved on other grounds in *People v. Williams* (2010) 49 Cal.4th 405, 459, the court had required an objection in the trial court to preserve the issue of the improper admission of a defendant's statement in

5

decisions addressing forfeiture were "split," the two decisions addressing the particular issue raised here, *Martinez* and *Sally,* both require an objection in the trial court to preserve a claim of insufficiency of independent evidence. The differing case cited by *Alvarez*, *People v. Lara* (1994) 30 Cal.App.4th 658, addressed a different issue, the requirement for an objection to preserve a claim that the court failed to give a corpus delicti instruction. (*Id.* at p. 675.) On the issue raised here, the published appellate decisions are unanimous in requiring objection below.

Finally, minor contends his trial counsel provided ineffective assistance in failing to object on grounds of sufficiency of the independent evidence under the corpus delicti doctrine. " ' " 'Reviewing courts will reverse convictions [on direct appeal] on the ground of inadequate counsel only if the record on appeal affirmatively discloses that counsel had no rational tactical purpose for [his or her] act or omission.' " [Citation.]' [Citation.] If the record on appeal ' " 'sheds no light on why counsel acted or failed to act in the manner challenged[,] . . . unless counsel was asked for an explanation and failed to provide one, or unless there simply could be no satisfactory explanation,' the claim on appeal must be rejected." ' " (*People v. Vines* (2011) 51 Cal.4th 830, 876.)

We cannot say on the record before us that there could be no satisfactory explanation for counsel's failure to raise the issue. In particular, we cannot rule out the possibility that counsel refrained from making the objection because it could have led the prosecution to introduce additional, more damaging evidence of the assault.

### III. DISPOSITION

The judgment of the trial court is affirmed.

---

the absence of independent evidence of a crime (*id.* at p. 404), but it had not addressed the requirement to preserve an insufficiency argument.

 

 

_____
          Margulies, Acting P.J.

We concur:

_____
Dondero, J.

_____
Sepulveda, J.[*]

---

[*] Retired Associate Justice of the Court of Appeal, First Appellate District assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.