[Crim. No. 6661.   Second Dist., Div. One.   Oct. 25, 1960.]

THE PEOPLE, Respondent, v. ERNEST HARRISON
KETCHUM, Appellant.

Ernest Harrison Ketchum, in pro. per., for Appellant.

Stanley Mosk, Attorney General, Elizabeth Miller and Clara
E. Kauffman, Deputy Attorneys General, for Respondent.

WOOD, P. J.—Defendant Ketchum and three other men
were accused of burglary and grand theft, committed on
December 16, 1955. On February 17, 1956, defendant Ketchum
pleaded guilty to the grand theft charge; and the count charg-
ing burglary was dismissed. Thereupon proceedings were
suspended and defendant was placed on probation for three
years upon the conditions, among others, that he pay a fine
of $50 and sever all association with codefendants Pike and
Ferris.

On October 27, 1958, when defendant and his counsel were present in court, an order was made continuing the case to December 1, 1958, for "Violation of probation hearing." On December 1, 1958, the hearing regarding violation of probation was continued to December 8, 1958. On said December 8 the said hearing was continued to December 15, 1958. On the last mentioned date, probation was revoked, judgment of conviction was rendered, and defendant was sentenced to imprisonment in the state prison. It appears that the order revoking probation herein and that the judgment of conviction herein, which were made on December 15, 1958, were made by the same trial judge who also on said December 15th, in a trial of another case against defendant, adjudged defendant guilty of first degree robbery (committed on May 17, 1958). The appeal from the judgment of conviction of robbery has been decided this day and the judgment has been affirmed. (*People* v. *Ketchum*, Crim. No. 6660, *ante*, p. 615 [8 Cal. Rptr. 607].)

The notice of appeal in the present case states that defendant appeals from the judgment and sentence rendered on December 15, 1958, and from the order denying his motion for a new trial.

Appellant's brief bears the appeal number of the present case (grand theft) and the appeal number of the other case (robbery) but it does not specify error regarding grand theft. [██] In the present case there is a separate clerk's transcript but there is no reporter's transcript. Under such circumstances it will be assumed that there was sufficient evidence to support the conviction of grand theft. ██ With reference to the order revoking probation it appears, as above stated, that the order was made on December 15, 1958, by the same judge who on that same day adjudged this defendant guilty of robbery. Under the circumstances herein it will be assumed that the basis for revoking probation was the conviction of defendant on the robbery charge. That conviction was not final at the time of revoking probation, but it was sufficient to warrant the trial judge in concluding that defendant had engaged in criminal practices in violation of the terms of his probation. (See *People* v. *Robinson*, 43 Cal.2d 143 [271 P.2d 872].)

Since the record herein does not show that a motion for new trial was made, appeal from such an order must be dismissed.

██ Affirmance of the judgment carries with it affirmance of the sentence.

The purported appeal from an order denying a motion for a new trial is dismissed. The order revoking probation is affirmed. The judgment is affirmed.

Fourt, J., and Lillie, J., concurred.