[Crim. No. 7662.  Second Dist., Div. One.  May 17, 1961.]

THE PEOPLE, Respondent, v. ELMER CALLAWAY
LATHROM, Appellant.

Ramsey & Emlein for Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Philip C. Griffin, Deputy Attorney General, for Respondent.

FOURT, J.—This is an appeal from "the judgment of conviction and revocation of probation . . ."

In an information filed in Los Angeles County, appellant was, on or about November 10, 1957, charged in Count 1 with burglary and in Count 2 with a violation of section 496 Penal Code (receiving stolen property). The appellant pleaded not guilty to each count and the cause went to trial. On April 22, 1958 a jury found the appellant not guilty as charged in Count 1 and deadlocked as to Count 2. A retrial of Count 2 was set and on May 12, 1958, the appellant withdrew his plea of not guilty as to Count 2 and entered a plea of guilty as charged. Probation was sought and on June 10, 1958, appellant was granted probation; a part of the terms being that he pay $750.00 fine and obey all laws and be imprisoned in the county jail for the term of one year. The sentence was suspended for three years.

On April 27, 1960 the court found that because of appellant's conviction of arson in our case Criminal No. 7240 (*People* v. *Lathrom, ante,* p. 216 [13 Cal.Rptr. 325]), Superior Court No. 221458, the terms of probation were violated. No other cause, reason or excuse was given for the revocation of

probation in the receiving stolen property case. The sentence to the county jail was ordered to run concurrently with appellant's sentence to the state prison in the arson case.

There was no appeal from the original judgment imposed in the receiving stolen property case or from the order granting probation, indeed as heretofore indicated the appellant pleaded guilty as to the charge contained in Count 2 of the information.

The question with which we are now concerned is whether the court, under the circumstances, abused its discretion in revoking the probation theretofore granted to the appellant in the receiving stolen property case. As pointed out in the opinion in the arson case—*People* v. *Lathrom, ante,* p. 216 [13 Cal.Rptr. 325] (our case Criminal No. 7240), the evidence seemed sufficient to sustain a judgment of conviction but the case was reversed upon a ground other than insufficiency of the evidence.

We are convinced that in this case the trial judge had ample reason to believe that the appellant violated the terms and conditions of the probation granted to him. The judge did not pronounce a new judgment but simply revoked the probation which in effect cancelled the suspension of the execution of the original judgment.

[■] A subsequent conviction of a crime, though not final because of a pending appeal is sufficient to warrant the trial court in concluding that the defendant violated the terms of his probation and in revoking it. (*People* v. *Wilkins,* 169 Cal.App.2d 27 [386 P.2d 540].)

As a practical matter the appellant has now served one year sentence in the state prison under the order of the court to the effect that the sentence in the receiving stolen property case run concurrently with the arson case sentence.

Having served the sentence it would appear that he could have but little complaint if the judgment is affirmed.

The order revoking probation is affirmed.

Wood, P. J., and Lillie, J., concurred.