STATE v. D. H. SOSSAMON, JR.

(Filed 1 May 1963.)

**Criminal Law § 136—**

Judgment activating a suspended sentence for condition broken may not be based upon a conviction on a fatally defective warrant.

APPEAL by defendant from *Johnston, J.*, October 8, 1962, Regular Criminal Term of CABARRUS.

This is a companion case to *S. v. Sossamon, ante,* 374, and is the case referred to therein as Case No. 8378 on the Criminal Issue Docket of Cabarrus Superior Court.

On February 29, 1960, defendant was tried in the Recorder's Court of Cabarrus County on a warrant charging that, on February 5, 1960, defendant "did unlawfully, willfully and feloniously Operate a motor vehicle upon the public highways of N. C., after his license had been revoked or suspended by the Dept. of Motor Vehicles in violation of G.S. 20-28 of the motor vehicle laws of N. C.," contrary to the form of the statute, etc. Defendant was found guilty and prayer for judgment was continued. On March 31, 1960, judgment imposing a prison sentence of eight months was pronounced. This sentence was suspended on the condition, *inter alia,* that "he (defendant) not own or operate a motor vehicle upon the public highways of the State of North Carolina for the next two years."

Thereafter, the said recorder's court entered judgment which, upon defendant's appeal, was affirmed by judgment of the superior court, activating the prison sentence of eight months imposed by the judgment of March 31, 1960.

The sentence in this case (Case No. 8378) was activated on the ground defendant had been convicted in Case No. 8377 of operating a motor vehicle on the public highways on March 26, 1961, as set forth in *S. v. Sossamon, ante,* 374, and thereby had violated the quoted condition of suspension.

In the superior court, defendant made a motion that the judgment of March 31, 1960, be arrested and excepted to the court's denial thereof. Defendant excepted to and appealed from the judgment activating the (suspended) sentence imposed by the judgment of March 31, 1960.

*Attorney General Bruton and Assistant Attorney General Barham for the State.*

*T. O. Stennett and Harry E. Faggart, Jr., for defendant appellant.*

PER CURIAM.   For reasons stated in *S. v. Sossamon, ante,* 374, the warrant on which the judgment of March 31, 1960, is based is fatally defective and therefore insufficient to confer jurisdiction in that it does not allege an essential element of the offense defined in G.S. 20-28 (a). See *S. v. Jernigan,* 255 N.C. 732, 122 S.E. 2d 711. Hence, defendant's motion in arrest of judgment should have been and now is allowed.

Judgment arrested.