STATE v. CHARLES E. HILL, JR.

(Filed 15 December, 1965.)

1. **Criminal Law § 154—**

An exception should indicate the subject and ground of defendant's objection.

2. **Same—**

An assignment of error to the judgment presents only the face of the record for review.

**3. Criminal Law § 151—**

The Supreme Court will take judicial notice that the party appealing from the execution of a suspended judgment is the same as the appellant in a companion criminal prosecution.

**4. Criminal Law § 136—**

Where the solicitor's bill of particulars in proceedings to activate a suspended sentence specifies the conviction of defendant in a criminal prosecution tried at that term in the Superior Court, the Court has judicial knowledge of its own proceedings and evidence of such conviction is not required to support order putting into execution the suspended sentence, and the fact that the court in activating the sentence admitted evidence and made findings with reference to other prior convictions of defendant in a municipal court is immaterial.

APPEAL by defendant from *McLaughlin, J.,* May 3, 1965 Criminal Session of GUILFORD Superior Court, High Point Division.

This appeal is from a judgment pronounced May 5, 1965 activating a suspended sentence.

At the same court session, before Judge McLaughlin and a jury, this defendant was tried on a warrant charging that on February 13, 1965 he assaulted one Jackie Hiatt with a deadly weapon; and, on May 4, 1965, in the Hiatt assault case, the jury returned a verdict of guilty of simple assault and judgment imposing a prison sentence of thirty days was pronounced. Upon defendant's appeal in the Hiatt assault case, this Court, in a decision filed simultaneously herewith, found "No error." See *S. v. Hill, ante* 103, 145 S.E. 2d 346.

Facts pertinent to decision on this appeal are as follows:

At January 6, 1964 Criminal Session of Guilford Superior Court, the grand jury returned a true bill of indictment charging this defendant with a felonious assault on one Albert R. Rice on October 5, 1963. During the February 10, 1964 Conflict Criminal Session of Guilford Superior Court, High Point Division, when called to plead to said indictment, defendant, through his counsel, L. J. Fisher, Esq., tendered, and the solicitor accepted, a plea of guilty of an assault with a deadly weapon. Thereupon, on February 13, 1964, judgment, imposing a prison sentence of eighteen months, was pronounced. This sentence was suspended, with defendant's consent, for two years on the condition, *inter alia,* "(t)hat defendant shall not violate any Federal or State penal laws during the said two year period."

On May 4, 1965, the solicitor served on defendant a "Bill of Particulars" in which he quoted said judgment pronounced February 13, 1964, asserted defendant had failed to comply with the terms thereof "in that he was convicted May 4, 1965 of the offense

of Assault," and moved "that final judgment be rendered in this case."

On May 5, 1965, Clarence Boyan, Esq., appearing before Judge McLaughlin, stated in open court he had been retained to represent defendant in connection with his appeal in the Hiatt assault case. Notice of appeal was given and appropriate appeal entries were made in the Hiatt assault case. Later, on May 5, 1965, defendant was brought from jail for a hearing on the solicitor's said motion to activate the eighteen months sentence imposed by the judgment of February 13, 1964 in the Rice assault case. While present during said hearing, Mr. Boyan stated to the court he had not been retained by the defendant to appear for him in *that* matter and did not participate in the hearing with reference thereto.

At said hearing on May 5, 1965, an official of the Municipal Court of the City of High Point testified to convictions of defendant in said court, according to the records thereof, subsequent to February 13, 1964. In reply to the court's inquiry, defendant stated he did not want to question the witness; and, when the court asked whether he had anything to say for himself, defendant gave no answer.

At the conclusion of said hearing, Judge McLaughlin entered a judgment which, after general recitals and recitals concerning the proceedings and judgment at said February 10, 1964 session relating to the Rice assault case, continued and concluded as follows: ". . . and it further appearing to the Court that on the 16th day of February, 1964 the defendant was convicted of being drunk, in the High Point Municipal Court, that the defendant was found guilty of being publicly drunk on the 22nd day of May, in the High Point Municipal Court, and the Solicitor, L. Herbin, Jr., Esquire, Solicitor of the Superior Court of Guilford County, having prayed the judgment imposed, the suspended judgment imposed in Number T. D. 17747 of the Superior Court of Guilford County, and the Court having found as a fact that the defendant had violated the terms of the suspension of the judgment imposed on February 13, 1964, by the Honorable Edward B. Clark, Judge Presiding at the Guilford County Superior Court, High Point Division, on this date, *and the Court finds as a fact that the defendant has violated the terms of the suspension of the foregoing judgment,* that commitment issue to put said prison sentence into effect, and IT IS SO ORDERED." (Our italics.)

The record does not show notice of appeal or appeal entries. The case is before us in response to our writ of *certiorari*, granted on petition therefor filed in defendant's behalf by Mr. Boyan. This Court

now considers the case as if before us on a timely appeal by defendant.

*Attorney General Bruton, Deputy Attorney General Lewis and Trial Attorney Smith for the State.*
*Boyan & Wilson for defendant appellant.*

BOBBITT, J. The only exceptions in the record and case on appeal are those referred to below.

After Judge McLaughlin asked defendant (1) if he wished to cross-examine the witness and (2) if he desired to make any statement, there appear, without comment, the words, "DEFENDANT'S EXCEPTION No. 1, DEFENDANT'S EXCEPTION No. 3." After the judgment activating the suspended sentence, there appear, without comment, the words, "DEFENDANT'S EXCEPTION No. 2." After the solicitor's examination of the witness (official of the municipal court), there appear, without comment, the words, "DEFENDANT'S EXCEPTION No. 4."

Since the solicitor agreed to the record and case on appeal, we treat these exceptions as having been entered in apt time. However, they are insufficient to support defendant's assignments of error. As to Exception No. 2, no error appears on the face of the judgment; and, as to Exceptions Nos. 1, 3 and 4, nothing appears to indicate the subject and ground of defendant's objection.

This appeal, and the appeal in the Hiatt assault case, are interrelated proceedings. Hence, we take judicial notice of what our own records disclose. *S. v. Patton,* 260 N.C. 359, 367, 132 S.E. 2d 891; *S. v. McMilliam,* 243 N.C. 775, 777, 92 S.E. 2d 205. While the records show variations in name, *e.g.,* Charles E. Hill, Jr., C. E. Hill, Jr., Charles Hill, it appears clearly from our own records and from the briefs that the defendant in this (the Rice assault) case and the defendant in the Hiatt assault case is one and the same person.

Notwithstanding the insufficiency of defendant's said exceptions, brief comment relevant to contentions made in defendant's brief seems appropriate.

Defendant is not an indigent. The record discloses affirmatively he can retain counsel when it suits his purpose to do so. He did not see fit to retain counsel to represent him at the hearing on May 5, 1965 in *this* (the Rice assault) case.

Defendant contends the judgment of May 5, 1965, activating the sentence of eighteen months imposed February 13, 1964, is based on convictions of defendant in the Municipal Court of the

STATE *v.* HILL.

City of High Point on February 16, 1964 and on May 22, 1964.

The solicitor's bill of particulars, served on defendant on May 4, 1965, this being one day prior to the day the solicitor prayed judgment placing the suspended sentence into effect, set forth in writing the specific ground upon which he prayed for revocation of suspension, to wit, defendant's conviction on May 4, 1965 for assault. G.S. 15-200.1; G.S. 15-200.2. There was no occasion for the solicitor to offer evidence as to what had transpired at the same session of court before the same presiding judge in the Hiatt assault case. Judge McLaughlin had actual knowledge as well as judicial notice of the trial, verdict and judgment in the Hiatt assault case. The verdict and judgment therein fully support the finding (italicized in our preliminary statement) in Judge McLaughlin's judgment of May 5, 1965, that the defendant had violated the conditions upon which the sentence of eighteen months imposed by the judgment of February 13, 1964 was suspended. This being the sole ground on which the solicitor had prayed for revocation of suspension, the only reasonable inference is that this was the primary ground on which the suspended sentence was ordered into effect.

While evidence was offered and findings were made with reference to convictions of defendant in the Municipal Court of the City of High Point, which are not referred to in the solicitor's bill of particulars, we need not consider whether these findings would have been sufficient to support said judgment of May 5, 1965. The conviction of defendant on May 4, 1965 in the Hiatt assault case and the judgment pronounced therein were sufficient to support said judgment of May 5, 1965, putting into effect the suspended sentence, unless on appeal the judgment in the Hiatt assault case was reversed or a new trial ordered. See *S. v. Wilson,* 216 N.C. 130, 4 S.E. 2d 440; *S. v. Guffey,* 253 N.C. 43, 116 S.E. 2d 148; *S. v. Brown,* 253 N.C. 195, 116 S.E. 2d 349; *S. v. Sossamon,* 259 N.C. 374, 130 S.E. 2d 638, and *S. v. Sossamon,* 259 N.C. 378, 130 S.E. 2d 640.

By reason of our decision today in the Hiatt assault case, the judgment pronounced therein is now final. Hence, Judge McLaughlin's judgment of May 5, 1965 putting into effect the sentence of eighteen months pronounced in this (the Rice assault) case is affirmed.

Affirmed.