Argued June 17, affirmed July 9, 1970

STATE OF OREGON, *Respondent, v.*
ROY LEE SPICER, *Appellant.*

C–46111

471 P2d 865

*J. Raymond Carskadon,* Portland, argued the cause and filed the brief for appellant.

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and FORT, Judges.

PER CURIAM.

Defendant was convicted of illegal possession of narcotics and placed on probation for five years. Subsequently, he was convicted of two more narcotics

charges and appealed both. The trial judge in the first case revoked probation, taking into consideration the new convictions.

The assignment of error presents one question—when a person is on probation and is convicted of other crimes, which convictions are appealed, do they alone, during pendency of appellate decision, give the court which allowed probation the authority to revoke it?

> "* * * It is not necessary to revocation that the person on probation be convicted of a new crime, but only that the trial judge be satisfied that the purposes of probation are not being served, or that the terms thereof have been violated * * *." Barker v. Ireland, 238 Or 1, 4, 392 P2d 769 (1964).

The trial court did not act arbitrarily or capriciously. *State v. Frye,* 2 Or App 192, 465 P2d 736 (1970). The trial judge was satisfied from the fact of new convictions that the purposes of probation were not being served.

We hold that revocation of probation was a proper exercise of the trial court's authority.

Affirmed.