45896, 45897.   BRAND v. THE STATE (two cases).

ARGUED JANUARY 5, 1971—DECIDED FEBRUARY 5, 1971.

274

*Emory B. Bazemore, Paul S. Weiner,* for appellant.
*H. Eugene Brown, District Attorney,* for appellee.

DEEN, Judge. ■ The fact as testified to by the defendant that he became addicted to drugs while in prison may be a sad commentary on our penal administration, but it is no basis for exonerating the prisoner even though his motive in committing the burglary was to obtain supplies of narcotics. It was held in *Strickland v. State,* 137 Ga. 115 (1) (72 SE 922): "If one voluntarily becomes intoxicated by the use of a drug, this will not excuse him for the commission of a crime. But if mania or insanity, though caused by the use of a drug, be permanent and fixed in character, so as to destroy the knowledge of right and wrong as to the act, the person laboring under such infirmity will not be responsible." Such a defense must amount to a plea of insanity at the time of the commission of the act under *Code Ann.* § 27-1503, and we do not feel that the evidence in this case taken as a whole demands a conclusion either that the defendant lacked the mental capacity to distinguish between right and wrong (*Code Ann.* § 26-702; *Martin v. State,* 223 Ga. 649 (157 SE2d 458)), or that because of men-

tal disease he acted under a delusional compulsion which overmastered his will to resist committing the crime (*Code Ann.* § 26-703; *Johnson v. State,* 226 Ga. 511 (6) (175 SE2d 840)). For the related area of commission of crime while a chronic alcoholic, see *Grimes v. Burch,* 223 Ga. 856 (159 SE2d 69); *Burger v. State,* 118 Ga. App. 328 (163 SE2d 333). Ordinarily the question of insanity at the time of commission of the act is one for the determination of the jury, and the facts of this case bring it within the general rule. Robinson v. California, 370 U. S. 660 (82 SC 1417, 8 LE2d 758) holds merely that one cannot be punished for the "status" of drug addiction without regard to the possession and use of drugs within the boundaries of the jurisdiction, a question not among those posed by this appeal.

■ As to the revocation of probation in the larceny case, the court order recites that the reasons for the revocation are the arrest and conviction in the burglary case and failure to pay a fine, payment of which was a condition precedent to the probation feature of the sentence. Both these facts are admitted. The appellant's contention that the revocation was in the nature of punishment for the decision to appeal the conviction is not borne out by the facts.

*Judgment affirmed in both cases. Bell, C. J., and Pannell, J., concur.*