## BAILEY *v.* STATE OF MARYLAND

[No. 64, September Term, 1971.]

*Decided November 12, 1971.*

The cause was argued before HAMMOND, C. J., and
BARNES, FINAN, SINGLEY and DIGGES, JJ.

*Fred Warren Bennett* for appellant.

*Gary Melick, Assistant Attorney General,* with whom was *Francis B. Burch, Attorney General,* on the brief, for appellee.

HAMMOND, C. J., delivered the opinion of the Court.

We granted certiorari to decide if the Court of Special Appeals had erred in approving the admission of evidence of a prior conviction of a witness for the accused in violation of the mandate of the final sentence of Code (1957, 1971 Repl. Vol.), Art. 35, § 10 (enacted by Ch. 259 of the Laws of 1969, effective July 1, 1969), which reads: "No conviction may be used for any purpose under this section when the conviction is being appealed or the time for noting an appeal has not expired." After full consideration of the briefs and oral argument, we are persuaded that it did.

Clifton Edward Bailey, the appellant, was convicted by a jury in the Circuit Court for Prince George's County of housebreaking and grand larceny and sentenced to concurrent ten-year terms of imprisonment. The evidence showed that on April 15, 1969 various items of tangible personal property, including a .22 Colt Woodsman pistol and a tan General Electric television set were taken from the home of one Moroski after the house had been broken into. Bailey and one John Coakley had for several weeks stayed as guests in the house next door. On the morning of the crime, a neighbor saw Bailey near the Moroski house holding a tan television set, and saw Coakley arrive on the scene in a 1961 white Ford. Three days later Bailey and Coakley were driving in a 1961 white Ford when an officer stopped them for a traffic violation. The officer saw an RCA television set and a tire and a typewriter in the car. Bailey showed the officer a driver's license in the name of Coakley's brother. Coakley quietly slipped away while the officer was questioning Bailey, who soon after ran away. A subsequent search of the car revealed the .22 Colt Woodsman pistol.

Coakley testified for Bailey that the two were moving from the house next to Moroski's house on April 15, the day of the robbery; that Bailey was carrying his own television set when the neighbor saw him and that Bailey had bought the .22 pistol on April 18 from a man named Bright. Coakley said the white Ford belonged to him and Bailey, although it was titled in his (Coakley's) brother's name. He slipped away from the officer because he knew Bailey was driving on a false license.

Bailey's testimony was essentially the same as Coakley's. He had run away because his driver's license was invalid.

During Coakley's testimony, he was asked on cross-examination by the prosecutor whether he was the same person who had pleaded guilty to forgery last month. This colloquy then ensued:

"(Mr. Berry) (defense counsel): Objection, Your Honor. This is not pertinent to —
(The Court) Overrule the objection.
(By Mr. O'Connell) (the prosecutor) Q. — forgery in Criminal Trial 9685 in this county last month?"

No one made any further comment and Coakley admitted the prior conviction.

In its unreported per curiam opinion the Court of Special Appeals noted that the final sentence of Art. 35, § 10, took effect before the date of Bailey's trial, and held:

"As Coakley's conviction was not final at the time of appellant's trial — the time for appeal not having expired — it appears clear that the admission of the prior conviction would have constituted error had the objection been based on the statute. But we think it plain that the objection was not made on that ground, but on the contrary was predicated on the traditional ground of its relevance to impeach the credibility of the witness. We, therefore, find no er-

ror in admitting the forgery conviction in evidence. See *Metz v. State,* 9 Md. App. 15; *Bitzer v. State,* 4 Md. App. 415."

Bailey points out that Maryland Rule 522 d 1, which provides that "unless requested by the court, it is not necessary to state the grounds for objections to evidence," is applicable to criminal cases. Rule 725 f; *Robert v. State,* 220 Md. 159. He says that not only did the trial judge not ask for the basis of the objection but that he summarily cut off Bailey's counsel when he began to volunteer the basis of his objection.

We think Bailey's points are well taken and that it was error to admit the prior conviction over objection in violation of the statute. We can see no basis for the inference drawn by the Court of Special Appeals that it is "plain that the objection was not made on that ground [§ 10 of Art. 35], but on the contrary was predicated on the traditional ground of its relevance to impeach the credibility of the witness." We find it impossible from the record to tell what the basis of the objection was. Further, we see some force to the argument of Bailey that the trial judge should have been put on notice of the applicability of § 10 of Art. 35, since the prosecutor referred to a trial held "last month" in "this County" and in Prince George's County the time for appeal in a criminal case customarily does not expire for at least sixty days after conviction because sentence is not imposed until thirty days after conviction, and an appeal may be noted during the ensuing thirty days.

We find this case indistinguishable from *Robert v. State, supra,* in which at pp. 166-168 of 220 Md. this Court held that when evidence of a telephone conversation was offered and a general objection made and overruled with no request by the trial judge for the ground of the objection, the objection was not limited and the contention of the accused that the evidence violated the Wiretapping Act was entertained on appeal and used as a basis for reversal.

The State argues that if the objection to the question as to the criminal conviction of the witness was based on the statute, this was a non-traditional ground and under *Johnson v. State,* 9 Md. App. 166, 177, the basis of the objection had to be specifically made known, as an exception to the provisions of Rule 522 d 1. In *Johnson* the Court of Special Appeals was dealing with the holding of the Supreme Court of the United States in *Burgett v. Texas,* 389 U. S. 109, that a prior conviction obtained without the assistance of counsel or a valid waiver thereof was not to be used to support guilt or enhance punishment and deciding whether that holding extended to exclude evidence of prior conviction offered by the State to impeach the credibility of a defendant who testifies in his own defense. The Court held that the *Burgett* principle did so extend and in discussing the issue said that an objection to evidence of a prior conviction on the ground that there had been neither a lawyer nor a waiver was an objection on a "non-traditional" ground, and one that "was not within the contemplation of the Rule [Rule 522] when adopted." The Court went on to say that "the fair administration of justice requires the defendant specifically to make known to the court the ground of his objection. We hold that it is incumbent upon the defendant, when his objection to evidence of a prior conviction is on the ground that the conviction was constitutionally void to state his reasons to the court to enable it properly to determine the issue."

If we assume that the *Burgett* principle is applicable to a witness, we do not agree with the view of the Court of Special Appeals that Rule 522 d 1 means one thing for "traditional" grounds of objection and another for "non-traditional" grounds. Indeed we think it would be difficult from time to time to decide whether a ground of objection was traditional or non-traditional. We see no room in the Rule or in the decisions for making such a distinction.

The State further argues that if the admission of the conviction was error it was harmless error, particularly

in light of the fact that the conviction became final after the trial. The Court of Special Appeals assumed, if it did not hold, that if the conviction was improperly admitted the error was prejudicial, and we think rightfully. Bailey and Coakley told the same exculpatory story from the stand and that story essentially was Bailey's only defense. If Coakley's veracity and credibility were impermissibly impeached, Bailey's veracity and credibility had to suffer.

As far as the claim that the error was cured when the conviction became final is concerned, we agree with Judge Edgerton's concurring opinion in *Fenwick v. United States* (U.S. Ct. of App. D.C.), 252 F. 2d 124, 127, when he said:

"I concur in Judge Danaher's opinion. Though the erroneously admitted conviction was later affirmed, we cannot know that its admission in evidence was not prejudicial. Though that conviction may hereafter be admitted for the purpose of impeaching the defendant as a witness if he testifies at a new trial, we cannot know that there will be a new trial, or that the defendant will testify, or that a new trial will not result in an acquittal, a hung jury, or a conviction reversed on appeal. The possibility that there may be a valid conviction is not a good reason for affirming the present invalid one."

> *Judgment reversed and case remanded to the Circuit Court for Prince George's County for a new trial, costs to be paid by the State.*