# MARYLAND STATE BAR ASSOCIATION, INC. *v.* KERR

[Misc. Docket (Subtitle BV) No. 11, September Term, 1973.]

*Decided October 25, 1974.*

The cause was argued before SINGLEY, SMITH, DIGGES, LEVINE, ELDRIDGE and O'DONNELL, JJ.

*Elaine Worley Kerr,* in proper person.

*Arthur M. Ahalt,* with whom was *Carlyle J. Lancaster* on the brief, for Maryland State Bar Association, Inc.

Digges, J., delivered the opinion of the Court.

On May 7, 1971, Elaine Worley Kerr, a member of the Maryland bar and the respondent in this disciplinary proceeding, entered a plea of guilty in the United States District Court for the District of Columbia to the first count of an indictment (No. 1079-70) which charged her with using the mail to defraud in violation of Title 18, § 1341 of the United States Code. After Mrs. Kerr was sentenced by that court to serve a prison term of two years for the offense, she appealed. The United States Court of Appeals for the District of Columbia Circuit, on December 12, 1972, affirmed this judgment and sentence, and certiorari was denied by the Supreme Court of the United States in October of 1973.[1]

Alleging the existence of this District Court fraud conviction, the Maryland State Bar Association filed charges of professional misconduct, which requested this Court to impose appropriate sanctions against Mrs. Kerr. In support of its petition the Bar Association, relying on Maryland Rule BV4 f 1, offered into evidence a properly certificated copy of the District Court's judgment and sentence as proof of professional transgression on the part of the respondent.[2] That rule in pertinent part provides:

"... a *final* judgment by a judicial tribunal in another proceeding convicting an attorney of a crime shall be conclusive proof of the guilt of the attorney of such crime. A plea or verdict of guilty, or a plea of nolo contendere followed by a fine or sentence, shall be deemed to be a conviction within the meaning of this Rule." (emphasis added).

---

1. When the Supreme Court refused to grant a stay, the respondent was required to begin serving the prison sentence on April 13, 1973, and was subsequently paroled on April 10, 1974.

2. DR 1-102 under Canon 1 of the American Bar Association Code of Professional Responsibility adopted in this State by Rule 1230 provides in part that:

" (A) A lawyer shall not:

* * *

(3) Engage in illegal conduct involving moral turpitude.
(4) Engage in conduct involving dishonesty, fraud, deceit, or misrepresentation."

When the judicial panel to which the charges were referred by this Court for a hearing (Rule BV3 b) found that the allegations of the petition had been sustained and recommended that Mrs. Kerr be disbarred from the further practice of law in this State (Rule BV5 a), she filed exceptions (Rule BV5 b 2). Through these the respondent contends that the District Court's judgment is not "final" within the meaning of Rule BV4 f 1 because there is still pending at this time, in the Circuit Court of Appeals, an appeal from the refusal of the District Court to grant her Title 28 U.S.C. § 2255 motion to vacate the mail fraud judgment and sentence. Section 2255 in part states:

> "A prisoner in custody [(judicially construed to include a defendant on parole, *Wapnick v. United States*, 406 F. 2d 741 (2d Cir. 1969); *cf. Jones v. Cunningham*, 371 U.S. 236, 9 L.Ed.2d 285, 83 S. Ct. 373 (1963))] under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.
>
> "A motion for such relief may be made at any time."

We reject the contention of the respondent that the District Court judgment is not final as it is clear to us that a Section 2255 proceeding, until or unless it is successful, does not destroy the integrity or conclusiveness of an otherwise final criminal judgment. This is so because under the federal cases a Section 2255 proceeding, like its Maryland counterpart, the Post Conviction Procedure Act (Maryland Code (1957, 1971 Repl. Vol.), Art. 27, § 645A *et seq.*), does not constitute a part of the original criminal cause, but is an independent and collateral civil inquiry into the validity of

the conviction and sentence. *Andrews v. United States*, 373 U. S. 334, 83 S. Ct. 1236, 10 L.Ed.2d 383 (1963); *Semet v. United States*, 422 F. 2d 1269 (10th Cir. 1970); *Evans v. United States*, 387 F. 2d 160 (3d Cir. 1967), *cert. denied*, 391 U. S. 968 (1968); *McCartney v. United States*, 311 F. 2d 475 (7th Cir.), *cert. denied*, 374 U. S. 848 (1963). To adopt the respondent's position as being correct would in effect destroy for Rule BV4 f 1 purposes the finality of each federal criminal judgment until either the validity of that judgment has been adjudicated in a Section 2255 proceeding adverse to the defendant named in the original criminal cause or that defendant is no longer "in custody." We reject any such suggestion and specifically hold that the final judgment of which Rule BV4 f 1 speaks is one that exists when all avenues of *direct* appeal from the judgment of conviction and sentence are no longer open to the defendant.

The respondent here was convicted of fraud, a crime plainly involving moral turpitude; it is a crime which we have just recently made clear will result in disbarment for the perpetrator who is a member of the bar of this State unless there are present very compelling circumstances which justify a lesser sanction. *Maryland St. Bar Ass'n v. Agnew*, 271 Md. 543, 553, 318 A. 2d 811 (1974). Since the respondent has shown no such mitigating circumstances to exist here, the name of Elaine Worley Kerr will be stricken from the rolls of those authorized to practice law in Maryland.

*It is so ordered.*