342 So.2d 100 (1977)
William LEDEE, Appellant,
v.
The STATE of Florida, Appellee.
No. 76-495.
District Court of Appeal of Florida, Third District.
February 1, 1977.
Eugene P. Spellman, Miami, for appellant.
Robert L. Shevin, Atty. Gen. and Ira N. Loewy, Asst. Atty. Gen., for appellee.
Before HENDRY, C.J., and PEARSON and HAVERFIELD, JJ.
PER CURIAM.
Defendant, William Ledee, appeals a judgment of guilt for uttering a forged instrument and sentence to three years in the state penitentiary following a determination that he violated his probation.
William Ledee was charged with uttering a forged instrument and after entering a guilty plea was placed on 15 years probation. Subsequently, Ledee was charged by a federal indictment for uttering a forged instrument, tried and convicted. A notice of appeal of that conviction was filed with the 5th Circuit Court of Appeal. In the meantime, an affidavit of violation of probation was filed against Ledee and a hearing conducted at which the prosecuting attorney stipulated that the sole basis for revocation was Ledee's conviction in the federal district court. The trial judge found that Ledee had violated his probation and entered judgment adjudicating him guilty of uttering a forged instrument and sentenced him to three years in the state penitentiary. We reverse.
Our Supreme Court long ago established the principle of law that if an appeal has been taken from a judgment of guilt in the trial court, that conviction does not become final until the judgment of that court has been affirmed by the appellate court. Joyner v. State, 158 Fla. 806, 30 So.2d 304 (1947); see also State ex rel. Volusia Jai-Alai, Inc. v. Board of Bus. Reg., 304 So.2d 473 (Fla. 1st DCA 1974).
Ledee's conviction being the sole ground for the revocation of his probation, we find that the trial judge was in error in revoking his probation. Therefore, the judgment appealed is reversed and the sentence vacated.
It is so ordered.