Michael L. ALEXANDER, Appellant,

v.

STATE of Alaska, Appellee.

No. 3505.

Supreme Court of Alaska.

May 12, 1978.

---

12. We believe that the record's designation of this date as "2/4/76" is a typographical error.

Michael Schapira, Paul L. Davis, Edgar Paul Boyko & Associates, Anchorage, for appellant.

David J. Walsh, John Scukanec, Asst. Dist. Attys., Joseph D. Balfe, Dist. Atty., Anchorage and Avrum M. Gross, Atty. Gen., Juneau, for appellee.

## OPINION

Before BOOCHEVER, C. J., and RABINOWITZ, BURKE and MATTHEWS, JJ.

PER CURIAM.

On February 5, 1974, Michael L. Alexander was convicted of robbery, given seven years suspended imposition of sentence and placed on probation. In late November 1976, Alexander was convicted by a jury of statutory rape. That conviction has been appealed, but that appeal is not directly before us at this time.

The Division of Corrections filed a petition to revoke Alexander's probation from the 1974 robbery conviction on the basis of the statutory rape conviction. His probation was revoked, and he was sentenced to serve twelve years concurrently with the seven and one-half year sentence imposed by Judge Kalamarides for the statutory rape conviction. Judge Occhipinti stated that the sentence he was imposing as part of the revocation of Alexander's probation would be vacated if the statutory rape conviction was reversed on appeal.[1] Alexander appeals the revocation of his probation and the sentence imposed.

The issues Alexander presents on appeal are: whether probation can be revoked on the basis of a conviction which is on appeal and therefore not yet final and whether the sentence imposed for the revocation of his probation was excessive.

The authority of the trial court to suspend the imposition of sentence and

---

1. Judge Occhipinti's power to vacate such revocation is well settled. *Clay v. Wainwright*, 470 F.2d 478, 481 (5th Cir. 1972); *State v. Roberson*, 165 Conn. 73, 327 A.2d 556, 560 (Conn.1973). Criminal Rule 35(a) states: "The court may correct an illegal sentence at any time."

grant probation is derived from the Alaska Code of Criminal Procedure, AS 12.55.080 and 12.55.085(a).[2] The power to revoke probation imposed under either of these two sections is contained in AS 12.55.085(b).[3] However, probation cannot be revoked without a showing of "good cause" under AS 12.55.110.[4] This requirement has been interpreted to require the trial judge "to find that continuation of probationary status would be at odds with the need to protect society and society's interest in the probationer's rehabilitation." *Trumbly v. State*, 515 P.2d 707, 709 (Alaska 1973).

▮ This court has ruled that probation may be revoked upon the commission of a criminal act and the defendant need not have been convicted or even charged with the crime. *State v. DeVoe*, 560 P.2d 12, 15 (Alaska 1977).

It follows that a conviction, with the attendant constitutional safeguards, constitutes sufficient "good cause" to find that conditions of probation have been violated and that probation should be revoked. The order revoking probation is affirmed.

▮ Appellant appeals the sentence imposed by Judge Occhipinti for the revocation of probation as excessive. The standard of review in sentence appeals is whether the trial court's imposition of sentence was "clearly mistaken." *Cleary v. State*, 548 P.2d 952, 954 n. 8 (Alaska 1976). A review of the record on appeal fails to convince us that the superior court was clearly mistaken in imposing the sentence that it did.[5] Accordingly, we affirm the revocation and sentence below.

AFFIRMED.

2. AS 12.55.080 states:

*Suspension of sentence and probation.* Upon entering a judgment of conviction of a crime, or at any time within 60 days from the date of entry of that judgment of conviction, a court, when satisfied that the ends of justice and the best interest of the public as well as the defendant will be served thereby, may suspend the imposition or execution or balance of the sentence or a portion thereof, and place the defendant on probation for a period and upon the terms and conditions as the court considers best.

AS 12.55.085(a) states:

(a) If it appears that there are circumstances in mitigation of the punishment, or that the ends of justice will be served, the court may, in its discretion, suspend the imposition of sentence and may direct that the suspension continue for a period of time, not exceeding the maximum term of sentence which may be imposed, and upon the terms and conditions which the court determines, and shall place the person on probation, under the charge and supervision of the probation officer of the court during the suspension.

3. AS 12.55.085(b) states:

(b) At any time during the probationary term of the person released on probation, a probation officer may, without warrant or other process, rearrest the person so placed in his care and bring him before the court, or the court may, in its discretion, issue a warrant for the rearrest of the person and may revoke and terminate the probation, if the interests of justice require, and if the court, in its judgment, has reason to believe that the person placed upon probation is violating the conditions of his probation, or engaging in criminal practices, or has become abandoned to improper associates, or a vicious life.

4. AS 12.55.110 states:

*Notice and grounds for revocation of suspension.* When sentence has been suspended, it shall not be revoked except for good cause shown. In all proceedings for the revocation of a suspended sentence, the defendant is entitled to reasonable notice and the right to be represented by counsel.

We have explicitly applied this "good cause" requirement to probation revocations. *Hoffman v. State*, 404 P.2d 644, 645 (Alaska 1965). We hold that the same standard applies for revocation of probation when imposition of sentence has been suspended as when, as in this case, the sentence has been imposed but suspended.

5. Alexander's criminal record reveals the following:

| Date | Offense |
| --- | --- |
| 4/69 | Forgery |
| 7/71 | Possession of Heroin |
| 10/73 | Robbery |
| 2/74 | Robbery |
| 11/76 | Statutory rape (on appeal) |