397 So.2d 398 (1981)
Udell Shirley STEVENS, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 79-1703/T4-695.
District Court of Appeal of Florida, Fifth District.
April 22, 1981.
Richard L. Jorandby, Public Defender, and Cathleen Brady, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Gregory C. Smith, Asst. Atty. Gen., Daytona Beach, for appellee.
COWART, Judge.
This is an appeal from a revocation of probation based solely on a certified coy of a judgment of conviction of a subsequent crime. At the time of the revocation of probation the judgment of conviction had not been affirmed on appeal.[1] Appellant claims the subsequent judgment of conviction was not final until affirmed on appeal and therefore was insufficient as the basis for revocation of probation, citing Ledee v. State, 342 So.2d 100 (Fla.3d DCA 1977).
Ledee relied on Joyner v. State, 158 Fla. 806, 30 So.2d 304 (1947), and State ex rel Volusia Jai-Alai, Inc. v. Board of Business Regulation of the Dept. of Business Regulation, 304 So.2d 473 (Fla. 1st DCA 1974). In both Joyner and State ex rel Volusia Jai-Alia, a valid final conviction was a prerequisite to the validity of the subsequent order; however, in a probation violation hearing the subsequent judgment of conviction is but evidence of the violation of the standard condition of probation that the probationer must "live and remain at liberty without violating any law." A formal conviction of a crime is not essential, Holt v. State, 385 So.2d 1133 (Fla. 5th DCA 1980), and even a plea of guilty to a subsequent criminal act has been held sufficient. Thomas v. State, 350 So.2d 568 (Fla.3d DCA 1977). Since a judgment of conviction is presumed to be correct until reversed, the better and general rule[2] is that a revocation of probation for a subsequent conviction is proper although the conviction is subject to appeal. Of course, if a revocation is based solely on a conviction and that conviction is subsequently reversed, the revocation must also be reversed. Plummer v. State, 365 So.2d 1102 (Fla. 1st DCA 1979).
For these reasons we decline to follow Ledee and recognize that this decision expressly *399 and directly conflicts with it on the same question of law.[3]
The order revoking probation is
AFFIRMED.
ORFINGER and COBB, JJ., concur.
NOTES
[1] It was affirmed in Stevens v. State, 383 So.2d 1156 (Fla. 5th DCA 1980).
[2] Annot., 76 A.L.R.3d 588 (1977).
[3] Art. V, § 3(b)(3), Fla. Const.; Fla.R.App.P. 9.030(a)(2)(A)(iv).