# FREDERICK HUTCHINSON *v.* STATE OF MARYLAND

[No. 76, September Term, 1981.]

*Decided January 6, 1982.*

The cause was argued before MURPHY, C. J., and SMITH, DIGGES, ELDRIDGE, COLE, DAVIDSON and RODOWSKY, JJ.

*Michael R. Braudes, Assistant Public Defender,* with whom was *Alan H. Murrell, Public Defender,* on the brief, for appellant.

*Richard B. Rosenblatt, Assistant Attorney General,* with whom was *Stephen H. Sachs, Attorney General,* on the brief, for appellee.

MURPHY, C. J., delivered the opinion of the Court. ELDRIDGE, COLE and DAVIDSON, JJ., dissent. DAVIDSON, J., filed a dissenting opinion at page 371 *infra,* in which ELDRIDGE and COLE, JJ., concur.

We granted certiorari in this case to consider whether the law of Maryland permits a trial judge to revoke an order of probation based solely upon evidence of a conviction of a subsequent crime which is then pending on appeal.

Appellant Hutchinson was convicted of second degree murder on August 13, 1976. Following imposition of sentence, he was placed on probation for a designated period upon condition, among others, that he obey all laws. Within the probationary period, Hutchinson was convicted of the crime of rape. He appealed. Thereafter, on June 21, 1978, he was found guilty in the Criminal Court of Baltimore of violating his probation. Hutchinson appealed to the Court of Special Appeals, contending that a conviction, which is pending on appeal, cannot serve as a basis for probation revocation. Relying on an earlier decision, *Hutchinson v. State,* 44 Md. App. 182, 407 A.2d 359 (1979), the intermediate appellate court, in an unreported opinion, concluded that probation may be revoked solely on the basis of a subsequent conviction, notwithstanding the pendency of an appeal.

Before us, Hutchinson contends that a conviction, which is still pending on appeal, should not be deemed sufficiently final to permit a finding that the probationer has in fact acted in violation of the condition of probation that he obey all laws. To permit the State to proceed on the basis of a non-final conviction, according to Hutchinson, creates "a palpable, quantifiable risk that probation will be revoked for an invalid reason." He urges that requiring the completion of the appellate process "confers the benefit of certainty" and "would impose absolutely no cost whatever" on the workings

of the criminal justice system because the defendant would be in custody as a result of the subsequent conviction, with little chance to obtain release on appeal bond.

Probation is, of course, a matter of grace, not entitlement. *Kaylor v. State,* 285 Md. 66, 400 A.2d 419 (1979). We recently observed in *Dean v. State,* 291 Md. 198, 434 A.2d 552 (1981), that a probationer is entitled to retain his liberty as long as he abides by the conditions of his probation. We said in that case that before probation may be revoked, the State must prove, to the reasonable satisfaction of the trial judge, that the probationer has not complied with one or more lawful conditions of probation.

The great weight of authority in this country permits the revocation of probation based solely upon the probationer's subsequent criminal conviction, even though that conviction is pending on appeal. The rationale for the majority view is clearly stated in *Roberson v. Connecticut,* 501 F.2d 305, 308 (2nd Cir. 1974):

> "A criminal conviction after a trial at which the probationer was entitled to all the protections afforded a criminal defendant including formal rules of evidence, the right to assigned counsel if indigent, and the requirement that the state establish guilt beyond a reasonable doubt certainly affords a more than sufficient basis for revocation of probation, even if that conviction is still awaiting appellate review."

Other jurisdictions are in complete accord. *See United States v. Gentile,* 610 F.2d 541, 541-42 (8th Cir. 1979); *United States v. Garza,* 484 F.2d 88, 89 (5th Cir. 1973); *United States v. Ambrose,* 483 F.2d 742, 753-54 (6th Cir. 1973); *United States v. Carrion,* 457 F.2d 808, 809 (9th Cir. 1972) (per curiam); *Buckelew v. State,* 48 Ala. App. 418, 265 So. 2d 202, 203-05 (1972); *cert. denied,* 409 U.S. 1060, 93 S. Ct. 558, 34 L. Ed. 2d 512 (1972); *Alexander v. State,* 578 P.2d 591, 592-93 (Alaska 1978); *State v. Barnett,* 112 Ariz. 212, 540 P.2d 684, 686 (1975); *Rutledge v. State,* 263 Ark. 300, 564 S.W.2d 511,

512 (1978); *People v. Lathrom,* 192 Cal. App. 2d 232, 233, 13 Cal. Rptr. 335 (1961); *People v. Ketchum,* 185 Cal. App. 2d 620, 621, 8 Cal. Rptr. 610 (1960); *People v. Salazar,* 39 Colo. App. 409, 568 P.2d 101, 103 (1977), *cert. denied,* 434 U.S. 1039, 98 S. Ct. 779, 54 L. Ed. 2d 789 (1978); *State v. Roberson,* 165 Conn. 73, 327 A.2d 556 (1973); *Brand v. State,* 123 Ga. App. 273, 180 S.E.2d 579, 580-81 (1971); *State v. Palama,* 62 Ha. 159, 612 P.2d 1168, 1171-72 (1980); *Hoffa v. State,* 267 Ind. 133, 368 N.E.2d 250, 252 (1977); *State v. Rasler,* 216 Kan. 292, 532 P.2d 1077, 1079-80 (1975); *Rubera v. Commonwealth,* 371 Mass. 177, 355 N.E.2d 800, 803-04 (1976); *State v. Oppelt,* 601 P.2d 394, 396 (Mont. 1979); *Stone v. Shea,* 113 N.H. 174, 304 A.2d 647 (1973); *State v. Hill,* 266 N.C. 107, 145 S.E.2d 349, 352 (1965); *State v. Spicer,* 3 Or. App. 80, 471 P.2d 865, 866 (1970); Annot., 76 A.L.R.3d 588 (1977) (Supp. 1981). Only three intermediate appellate courts have taken a contrary view. *See Ledee v. State,* 342 So.2d 100 (Fla. Dist. Ct. App. 1977); *Stoner v. State,* 566 P.2d 142 (Okla. Crim. 1977); *Long v. State,* 590 S.W.2d 138 (Tex. Crim. 1979). We note, however, that *Ledee* was recently disavowed by another panel of that same court which aligned itself with the majority view. *See Stevens v. State,* 397 So.2d 398 (1981).

We conclude, consistent with the vast majority of the cases, that a criminal conviction is sufficient, even though not final, to reasonably satisfy the trial court that the probationer has violated a condition of his probation that he obey all laws. We perceive no valid reason why a person convicted of a crime, who is placed on probation and who commits another crime while on probation, should be insulated from having his probation revoked during the frequently extended process of appellate review. Although a conviction which is not final does not constitute conclusive proof of guilt, we think the balance must be struck in favor of permitting the trial judge to revoke probation if satisfied that the ends of justice so require.

In so holding, we find no merit in the suggestion that the provisions of Maryland Code (1980 Repl. Vol.), § 10-905 (a)

of the Courts and Judicial Proceedings Article require the exclusion from evidence of a non-final conviction at a probation revocation hearing. The precursors of that section, all the way back to ch. 109 of the Acts of 1864, have always been codified under the subtitle "Competency of Witnesses." The last sentence of what is now § 10-905 (a) was added by ch. 259 of the Acts of 1969; it provided that evidence of conviction was not admissible if an appeal is pending. Manifestly, § 10-905 (a) is limited to the use of such non-final convictions for impeachment purposes.[1]

Nor is there merit in Hutchinson's argument that by analogy his position should prevail because in attorney disciplinary proceedings non-final convictions do not constitute conclusive proof of misconduct. Maryland Rule BV10 e 1 explicitly provides that for purposes of imposing sanctions for attorney misconduct, only a final judgment is conclusive proof of the attorney's guilt. There is, however, no similar statute or rule in Maryland, which would inhibit the use of a non-final criminal conviction as a basis for revoking probation.[2]

*Judgment affirmed, with costs.*

*Davidson, J., dissenting:*

In my view, a judgment pending on appeal is not suffcently probative to establish that a probationer committed the crime of which he was convicted and, therefore, is not admissible to show that the probationer

---

1. Section 10-905 (a) reads as follows:

"(a) *In general.* — Evidence is admissible to prove the interest of a witness in any proceeding, or the fact of his conviction of an infamous crime. Evidence of conviction is not admissible if an appeal is pending, or the time for an appeal has not expired, or the conviction has been reversed, and there has been no retrial or reconviction."

2. Rule BV16, which pertains to suspension of an attorney from the practice of law upon conviction of certain crimes, permits such suspension "regardless of the pendency of an appeal."

violated the special condition of his probation that he obey all laws. Accordingly, I respectfully dissent.

In Maryland, it has been recognized that for certain purposes a judgment pending on appeal is not final until after the appeal has been decided. *Maryland State Bar Ass'n v. Kerr,* 272 Md. 687, 689, 326 A.2d 180, 181 (1974); *Green v. State,* 170 Md. 134, 142, 183 A. 526, 530 (1936); *Butler v. State,* 56 Md.App. 317, 322, 416 A.2d 773, 776 (1980). *Maryland State Bar Association v. Kerr,* 272 Md. at 688, 690, 326 A.2d at 181, involved the use of a conviction pending on appeal in an attorney disciplinary proceeding. There this Court interpreted the meaning of "final judgment" as used in then Md. Rule BV4 f 1 (now Md. Rule BV10 e 1) which stated in pertinent part:

> "[A] *final judgment* by a judicial tribunal in another proceeding convicting an attorney of a crime shall be conclusive proof of the guilt of the attorney of such crime." (Emphasis added.)

The Court held that under Rule BV4 f 1, a final judgment did not exist until "all avenues of direct appeal from the judgment of conviction and sentence are no longer open to the defendant."

*Butler v. State,* 46 Md.App. 317, 318, 321-22, 416 A.2d 773, 774, 775-76 (1980), involved the use of a conviction pending on appeal in a sentencing proceeding. There an accused was convicted of robbery and sentenced under Md. Code (1957, 1976 Repl.Vol., 1980 Cum.Supp.), Art. 27, § 643B (c),[1] a statute that enhances punishment for

---

1. § 643B (c) provides:

"(c) *Third conviction of crime of violence.* — Any person who (1) has been convicted on two separate occasions of a crime of violence where the convictions do not arise from a single incident, and (2) has served at least one term of confinement in a correctional institution as a result of a conviction of a crime of violence, shall be sentenced, on being convicted a third time of a crime of violence, to imprisonment for the term allowed by law, but, in any event, not less than 25 years. Neither the sentence nor any part of it may be suspended, and the person shall not be eligible for parole except in accordance with the provisions of Article 31B, § 11."

recidivists. In determining sentence, the trial court considered two prior convictions, one of which was then pending on appeal. The Court of Special Appeals held that it was improper to take the conviction then pending on appeal into account for the purpose of applying enhanced punishment under § 643B (c) because that conviction was not final until the appeal was decided. Courts in some other jurisdictions agree. *See, e.g., United States v. Allen,* 566 F.2d 1193, 1195 (3d Cir. 1977), *cert. denied,* 435 U.S. 926, 98 S.Ct. 1491 (1978); *State v. Palmer,* 5 Ariz. App. 192, 194, 424 P.2d 840, 842 (1967); *Joyner v. State,* 158 Fla. 806, 808-09, 30 So.2d 304, 305 (1947); *Croker v. Smith,* 225 Ga. 529, 532, 169 S.E.2d 787, 789-90 (1969); *Neal v. Commonwealth,* 221 Ky. 239, 242-45, 298 S.W. 704, 705-07 (1927); *Carter v. State,* 510 S.W.2d 323, 324 (Tex.Crim. 1974); *Arbuckle v. State,* 132 Tex.Crim.App. 371, 372-77, 105 S.W.2d 219, 219-22 (1937).

In addition, the Legislature has established that a conviction pending on appeal is not admissible in evidence for impeachment purposes. Thus, Md. Code (1974, 1980 Repl. Vol.) § 10-905 (a) of the Courts and Judicial Proceedings Article provides in pertinent part:

> "Evidence of conviction is not admissible if an appeal is pending, or the time for an appeal has not expired. . . ."

*Bailey v. State,* 263 Md. 424, 427-28, 283 A.2d 360, 361-62 (1971), involved the use of a conviction for which the time for appeal had not expired for purposes of impeachment. There this Court, relying on the predecessor of § 10-905 (a), held that it was prejudicial error to admit evidence of such a prior conviction.

The underlying rationale for the conclusion that a conviction pending on appeal is inadmissible in cases involving attorney disciplinary actions under Md. Rule BV10 e 1, the enhancement of punishment, or the impeachment of the credibility of witnesses is that such a conviction is not probative because it is subject to reversal. *See* 22 Md.L.Rev. 244, 245 (1962). This rationale compels the conclusion that a conviction pending on appeal is not sufficiently probative

to establish that a probationer committed the crime of which he was convicted and, therefore, is not admissible to show that the probationer violated a special condition of probation that he obey all laws. Some courts in a minority of jurisdictions agree. *See, e.g., Ledee v. State,* 342 So.2d 100, 100 (Fla.Dist.Ct.App. 1977); *Stoner v. State,* 566 P.2d 142, 143 (Okla.Crim. 1977); *Kern v. State,* 521 P.2d 412, 415 (Okla.Crim. 1974); *Long v. State,* 590 S.W.2d 138, 139 (Tex.Crim. 1979). *See also* ABA Standards for Criminal Justice Relating to Probation § 5.3 (Approved Draft 1970).

I do not agree with the majority's assertion that "[a]lthough a conviction which is not final does not constitute conclusive proof of guilt, we think the balance must be struck in favor of permitting the trial judge to revoke probation if satisfied that the ends of justice so require." In weighing the protection to be accorded to societal interests against the fairness to be accorded to a probationer, I would strike the balance by holding that it is reversible error for a trial court to revoke probation on the sole ground that the probationer violated a condition requiring him to obey all laws when the only evidence presented is a conviction pending on appeal. Moreover, I do not agree with the majority that as a consequence, a person who is placed on probation and who commits another crime while on probation is "insulated from having his probation revoked during the frequently extended process of appellate review." The fact that a judgment of conviction pending on appeal may not serve as the only evidence supporting the revocation of probation does not prevent probation from being revoked while an appeal is pending. If it is shown by independent, probative evidence that the probationer has committed a crime subsequent to his probation and the trial court is reasonably satisfied by that evidence that the probationer committed the crime, probation may be revoked on the sole ground that the probationer violated the special condition of his probation that he obey all laws even though an appeal is pending. *Scott v. State,* 238 Md. 265, 272, 208 A.2d 575, 578-79 (1965). More important, the societal interest in incarceration of an accused pending appeal can better be

preserved through a trial court's initial refusal to allow bail pending the appeal.

In addition, the majority offers no guidance as to the procedures to be followed when a conviction that constituted the sole basis for revocation of probation is subsequently reversed on appeal. Under the majority's holding that it is not reversible error for a trial court to revoke probation on the sole basis of a subsequent conviction pending on appeal, a probationer has nothing upon which to successfully premise a direct appeal from or collateral attack upon a trial court's order revoking probation. Yet the majority suggests no available remedy to the probationer who, in effect, has been unjustly incarcerated. Under these circumstances, I cannot agree with the majority that a non-final conviction that it recognizes does not constitute conclusive proof of guilt, is sufficient, in and of itself, to justify revocation of probation.

Here the record shows that the trial court relied solely on a conviction pending on appeal to determine that the probationer had violated the special condition of his probation requiring him to obey all laws. In my view, the trial court's reliance on this nonprobative evidence was prejudicial and constituted reversible error. Accordingly, I would reverse and remand.

Judges Eldridge and Cole authorize me to say that they concur in the views herein expressed.