409 So.2d 1051 (1982)
Udell Shirley STEVENS, Jr., Petitioner,
v.
STATE of Florida, Respondent.
No. 60658.
Supreme Court of Florida.
January 28, 1982.
Richard L. Jorandby, Public Defender, and Cathleen Brady and Jon May, Asst. Public Defenders, West Palm Beach, for petitioner.
Jim Smith, Atty. Gen., and Barbara Ann Butler, Asst. Atty. Gen., Daytona Beach, for respondent.
ALDERMAN, Justice.
By holding that a judgment of conviction which is on appeal may serve as the basis for revocation of probation, the District Court of Appeal, Fifth District, in Stevens v. State, 397 So.2d 398 (Fla. 5th DCA 1981), has created express and direct conflict with the Third District's decision in Ledee v. State, 342 So.2d 100 (Fla. 3d DCA 1977). We hold that the Fifth District's holding in Stevens is correct, and we disapprove the Third District's holding in Ledee.
Stevens' probation was revoked on the basis that he had violated a condition of his probation which required that he live and remain at liberty without violating any law. Upon his plea of nolo contendere reserving his right to appeal certain motions, he was convicted of possession of a firearm by a convicted felon.[1] The revocation of his probation was based solely on a certified copy of a judgment of conviction of this possession charge. Upon appeal to the Fifth District he argued that the judgment must be final in order to serve as a basis for probation revocation and is not final until affirmed on appeal.
The Fifth District disagreed and reasoned:
[I]n a probation violation hearing the subsequent judgment of conviction is but evidence of the violation of the standard condition of probation that the probationer must "live and remain at liberty without *1052 violating any law." A formal conviction of a crime is not essential, Holt v. State, 385 So.2d 1133 (Fla. 5th DCA 1980), and even a plea of guilty to a subsequent criminal act has been held sufficient. Thomas v. State, 350 So.2d 568 (Fla. 3d DCA 1977). Since a judgment of conviction is presumed to be correct until reversed, the better and general rule is that a revocation of probation for a subsequent conviction is proper although the conviction is subject to appeal. Of course, if a revocation is based solely on a conviction and that conviction is subsequently reversed, the revocation must also be reversed. Plummer v. State, 365 So.2d 1102 (Fla. 1st DCA 1979).
397 So.2d at 398 (footnote omitted).
We approve the Fifth District's decision in the present case, and we disapprove the Third District's decision in Ledee.
It is so ordered.
SUNDBERG, C.J., and ADKINS, BOYD and McDONALD, JJ., concur.
NOTES
[1] This conviction was subsequently affirmed. Stevens v. State, 383 So.2d 1156 (Fla. 5th DCA 1980).