# Third District Court of Appeal

## State of Florida

Opinion filed March 1, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-1857
Lower Tribunal No. 19-0409
_____

**L.A., a juvenile,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Orlando A. Prescott, Judge.

Carlos J. Martinez, Public Defender, and John Eddy Morrison, Assistant Public Defender, for appellant.

Ashley Moody, Attorney General, and Asad Ali and David Llanes, Assistant Attorneys General, for appellee.

Before LOGUE, LINDSEY, and BOKOR, JJ.

LINDSEY, J.

Appellant L.A., a juvenile, appeals from an order revoking his probation. The sole basis for revoking probation was an adjudication of delinquency for battery, which was separately appealed in L.A. v. State, 47 Fla. L. Weekly D2009 (Fla. 3d DCA Oct. 6, 2022) (case no. 3D20-1856). The State agrees with Appellant that if the finding of delinquency for battery in 3D20-1856 were reversed, the probation order under review in this appeal must also be reversed. See Stevens v. State, 409 So. 2d 1051, 1052 (Fla. 1982) ("[I]f a revocation is based solely on a conviction and that conviction is subsequently reversed, the revocation must also be reversed." (quoting Stevens v. State, 397 So. 2d 398, 398 (Fla. 5th DCA 1981))).

In 3D20-1856, this Court held that because the trial court did not make case-specific findings of necessity for a remote adjudicatory hearing, the delinquency adjudication for battery must be reversed. L.A., 47 Fla. L. Weekly D2009. Because this Court has reversed the finding of delinquency for battery in 3D20-1856, we likewise reverse the probation order under review in this appeal and remand for a new probation violation hearing. See, e.g., Humbert v. State, 933 So. 2d 726, 728 (Fla. 2d DCA 2006) ("[T]he fact that [defendant's] conviction . . . was reversed does not mean that his probation cannot be revoked based on the same facts.").

Reversed and remanded.

2